Judge Owsley
delivered the opinion.
This-was an action of trespass, quare clausum fregit, brought by Uiory to recover damages lor Otvings’ entering upon his close, culling down, and carrying away a number of timber trees, &c.
The trial was had on the general issue, with leave for Owings to give any special matter in evidence.
During the progress of the trial, and after Uiory had gone through his evidence, the counsel of Owings moved the court to instruct the jury to find as in case of a non-suit ; but his motion was overruled, and exceptions taken to the opinion of the court.
This court is of opinion that the motion was correctly overruled. From the evidence introduced by Uiory, he appears not to have shewn a regular deduction of title, from the commonwealth, to the land ®n which the trespass was proven to have been committed by Owings, but lie exhibited a deed, from Jacob Myers, including the land, and proved that be had settled on the land, claiming title under the deed, aDd had continued to reside within the boundaries of the deed for twenty years
Under this state of the evidence, Uiory must be considered as being possessor, to the extent of the boundaries of the deed, and that possession is sufficient to authorize him to maintain an action agaiust any person entering upon the land and cutting the timber without title.
After the motion ol Owings’counsel was overruled, he attempted, by the introduction of title papers, to prove that he was tenant in common with Uiory, and moved the court to instruct the jury that as Otvings was tenaot in common with Uiory, that Uiory could not support his action, but the court left the evidence to the jury, to decide whether there had not been a severance of the tet a cy, and refused to give the instructions.
In refusing the instructions, we think, the court decided cortectly. it appears that a patent issued in 1785, ftom the commonwealth of Virginia, to Jacob Myers & John C. Owings for 2000 aeres of land, including the place whereon the trespass, complained of by Uiory, was committed. That in 1791 Jacob Myers conveyed to Uiory, by metes and bounds, part of the patented land, including the *455 place whereon the trespass was committed ; and that Ulo-rv seitled on the land under that deed and has coniinued to íeside ihereon for twenty years. It also appears that in 1792 or *793, partition was made between Myers and John C Owings, the patentees, by actual survey, of the patented tract, but it is not expressly proven that deeds of partition have ever been executed by each or either of the patentees to the other. It also appears, that the title set up by Owings, in this contest, was attempted to be deduced from tbe patentee, John C. Owings.
the jury,' in tl,e*r daraa_ confined to”1 the value of ‘lle property them according to aggra-cum'st'n-es n0P Vdf the verdict be cause" th-d»' ¿e“' high, unless J^ey are so pfove*the°ju-ry to have been mfluen-Iu trespass tivesT ced by improper mo-
From the facts thus detailed, it will be perceived that the defence set up bv Owings, rests upon the fact of no partition deed ever having been executed by either of the patentees to the other; but we apprehend, the jury might have rationally presumed the execution of such deeds, from the fact of a partition survey having been actually made, connected with the further facts of Myers having sold and conveyed to Ulory, and Ulory having, under that deed, settled upon the land and continued in the use and possession thereof for twenty years ; and consequently, the eonsideration of those facts were properly left with the jury. A verdict of $150 was found by the jury-for Ulory, and Owings moved the court to set it aside and award a new trial, on the grounds — 1st. That the verdict was contrary to law and evidence, and — 2dly. That the damages were outrageously excessive. But the motion was overruled and judgment rendered against Owings.
Unless the verdict should have been set aside on the second ground, it is plain the court decided correctly in refusing to award a new trial. For if we are correct in supposing that the jury might, from the evidence, presume the execution of deeds of partition by the patentees, the evidence is complete, not only to shew an exclusive title and possession of the land in Ulory, but it also shews, con-clusivelv, that Owings caused about sixty timber trees to be cut and carried away from the land.
As to the second ground relied on fora new trial, it be remarked, that tbe jury has given higher damages than the trees, which were cut and carried away from tbe land, were proven to be worth ; but in actions of this character, thejurv are not confined strictly to the value of the timber in estimating their damages. Circumstances frequently occur, which in their nature are calculated to aggravate the trespass, and the jury, in tbe exercise of a sacred dis *456 cretion, should duly consider all the circumstances anti estimate the damages according to the enormity of (he of-fence. In the present case, the highest value which is pfut upon the timber trees, by any of the witnesses, is one dollar for each tree, but after Owings commenced cutting he was warned by Uiory to desist, but instead of doing so, lie seems to have, wilfully and knowingly, persisted in the accomplishment of his tortuous and illegal purpose. If, after such a course, Owings should have to pav damages, beyond the value of the timber which be has converted to, his use, he can have no just cause of complaint, but must attribute it to his o wn illegal acts.
Hoggin, for appellant, Bibb, for appellee.
There may be a possible case, where, for excessive damages, in actions like the present, it would be incumbent on the court to interpose and award a new trial for excessive damages ; but the damages must be so outrageous as to strike every one, at the first blush, to have been rather the result of passion or prejudice in the jury, than of due deliberation ; and the present case, (especially after the decision ef the circuit court in overruling the motion for a new trial) we apprehend, cannot be denominated a case of that character.
The judgment must be affirmed with cost and damages.