Chief Justice Robertson
delivered the Opinion of the Court.
Mrs. Grace Pulliam, a widow, sued Olive T. Major, her neighbor, in trespass quare clausum fregit, for breaking down her fence and turning cattle, at various times, into her cornfield, and for other enormities perpetrated during the continued and repeated trespass upon her close; and on the trial, upon the general issue, recovered a verdict and judgment for three hundred dollars in damages.
It appears from the bill of exceptions, purporting to exhibit all the evidence, that Mrs. Pulliam had a troublesome “old red cow,” which occasionally annoyed her neighbors, and especially the plaintiff in error, Major— whose fences are described as having been insufficient to keep out any predatory animal; that he sometimes impounded her damage feasant, and refused, on application, to surrender her; that, on one occasion, he, for retaliation, or sheer mischief, pulled down Mrs. Pulliam’s fence, which was a good one, “staked and ridered,” and secretly, in the night, turned her old cow and other cattle, among which were three of his own, into her only cornfield, containing about fifteen acres of corn, standing and in the ear; and the jury had a right to infer, that, on other occasions, he, in the like manner, let other cattle into her field; in consequence of which, about half of the field of corn, not of the best kind, was destroyed; and it appears also, that, during this belligerent state of petty reprisal, he treated her children with rudeness, and, on one occasion, with violence, and also wrote to herself vulgar and scurrilous letters, in which he used opprobrious, and disparaging epithets, and virtually denounced her as a “slut.”
Objections to the verdict.
That ajuror,who was of the vicinage, was not of the county,is not cause for a new trial.
In actions for ^TJperiy, wuth°ut any aggruvaspecial °rcircumstances, the actual injury to the property, affords a guide for assessing the damages. But—
In actions for slander, trespass to the person, and various other torts, there is no criterion of damages. And— The jury may give smart money in any action of trespass. And—
Where the def’t was incited by malice, or a wish to vex the plt’f, or whereincidental wrongs not of themselves actionable, are proved, the jury may give any amount, (not exceeding that laid in the declaration.) The judge cannot restrict them, and thecourt will not set aside the verdict for excess of damages, unless they are so excessive as to be “obviously oppressive, or to evince corruption or vindictive passion.”-.Verdict for $300, for a trespass on a cornfield, though the actual injury to the fence and field was comparatively trivial: as some circumstances deemed malicious, vexatious and insulting on the part of the defendant towards a widowed plaintiff, were proved — the judgment overruling a motion for a new tiial, is affirmed.
This being the substance of all the proof, the plaintiff in error moved fora new trial, on two grounds: — first— because, as he swore, he had discovered after the finding, that one of the jurors resided in Woodford county; and, second — because, as he insisted, the verdict was outrageously excessive. But the Court overruled his motion. And this writ of error is brought to reverse the judgment rendered on the verdict.
The only objections which have been made to the judgment in this Court, are those which have been stated as the grounds for the motion for a new trial; and these are, in our opinion, insufficient to justify a reversal.
First. The juror, though not a resident of Franklin county, was of the plaintiff’s vicinage; and the fact, that he was a resident of a different county, was not a sufficient cause for a new trial.
Second. Although, in actions for slander, and for trespass to the person, and in many other actions for torts, there is no well defined and uniform standard of assessment, yet, in an action for a trespass on property, the amount of the damage done to the property, presents a , ~ . general criterion tor assessing damages, 11 there be no circumstance of aggravation, nor any special loss or damage. But circumstances indicating malice or vexation or incidental' wrongs not of themselves actionable, may entitle a plaintiff, in an action for a trespass on property, to damages beyond the measure of the actual damage to the property itself. And in every action oj trespass, some “ smart moneys may be given in addition to the actual damage to the plaintiff; and to such' supplemental damages, there is no other legal or judicial restriction than the impartiality and justice of an honest and unprejudiced jury.
In the case of Wort vs. Jenkins, 14 Johnson, 352, the Supreme Court of New York, in an action of trespass for killing, in a cruel and malicious manner, a mare worth *584 fifty five dollars, refused to set aside a verdict for seventy five dollars, and said — “we should have been belter satisfied with the verdict if the damages had been greater and more exemplary.” The chief reason why the owner of the marc ’was entitled to damages considerably exceeding the value of the property, is because his sensibilities were awakened, and his peace and quietude disturbed, by the provoking malice and peculiar cruelty evinced by the manner of killing a favorite domestic animal, towards which ho not only might, but should, have entertained a kind and guardian-like regard. And therefore, for such a wanton wrong, it would be difficult to measure the damages by any exact standard, or to decide that, had the jury quadrupled the amount of their verdict, any thing but justice would have been done to both parties.
Starkie (in his third volume on Evidence, page 1451,) says, that — “ a jury, in an action of trespass, are not re- “ strained in their assessment of damages, to”the amount “ of the mere pecuniary loss sustained by the plaintiff, “ but may award damages in respect of the malicious “ conduct of the defendant, and the degree of insult “with which the trespass has beeir attended;” and in illustration of this doctrine, he refers to a strong case in 1 Taunton, 159, and also to a case in 5 lb. 442, in which the Court of Common Pleas overruled a motion for a new trial in an action of trespass guare clausum fregit, for a trespass committed by a member of parliament in search of game, accompanied by intemperate and menacing language to the occupant; in which the jury returned a verdict fox five hundred pounds — almost the whole of which must have been given for the domineering and insulting conduct of the defendant — the damage to the close or the land being, as it must have been, scarcely any thing.
Even if there bo no alia enormia, nor any aggravating-circumstances, “smart money” may be given — and how much? This the jury, according to the character of the case, and their own sense of decorum and justice, have the right to determine, provided their determination be the aw'ard of honest judgment and honorable feelings; and the Court should not control the verdict, unless it be, at first blush, so exorbitant as to induce the belief, *585 that it Was produced by passion or prejudice or sonie more sinister cause.
Now, although in this case, the verdict may seem to be high, and is certainly greatly beyond the amount of the actual damage to the fence and the Gora, yet the jury, in order to understand the true character of the wrong, had a right to consider the condition of the parties, and all the circumstances of malice and vexation; and this Court does not feel authorized to decide, that the Verdict was not honest and impartial, and even just; nor could it do so consistently with the legal and 'constitutional rights of the jury. It is difficult to decide on the exact amount which strict and perfect justice required; 'and we cannot control such a verdict as that tendered in this case, by our own opinion as to wh'at we would have found had we been the jury. Is the verdict so enormous as to be obviously oppressive, or as to evince corruption, or vindictive passion? We cannot feel that it is. Indeed it may not be more than a widow’s rights may require, for indemnity and for protection against insult and depredation. The mischievousness of the defendant's cow may have been, and doubtless was, vexatious and somewhat injurious to the plaintiff in error— but that circumstance furnished no legal excuse for such unmanly retaliation, and especially by a man, upon the solitary and humble property of a destitute widow-.
Wherefore, the judgment must be affirmed.