Same Case. — On a Re-hearing.
Roselius, contra,
urged, that the judgment should be maintained. The damages were properly allowed. In an action against a wrong-doer for aggravated injuries, the amount allowed as damages should not be restricted to the aetual loss. In the case of Carlin v. Stewart, 2 La. 76, the court said: “ In actions for damages the jury are the legitimate judges of the quantum, and the court will not disturb their verdict.” This doctrine has been recognized in every State of the Union. “ Where there is no rule of law regulating the assessment of damages, and the amount does not depend on computation, the judgment of the jury, and not the opinion of the court, is to govern ; unless the damages are so excessive as to warrant the belief, that the jury must have been influenced by partiality or prejudice, or have been misled by some mistaken view of the merits of the case.” Wooster v. Canal Bridge, 16 Pick. 541. Perry v. Goodwin, 6 Mass. 498, et seq. Smith v. Lush, 4 Eibb, 502. “ In trespass quare clausum fregit, where malice and vexatious and incidental wrongs were proved, the jury may give any amount of damages not exceeding that laid in the declaration, unless so excessive as to be obviously oppressive, or as to evince corruption or vindictive passion.” Major v. Pulliam, 3 Dana, 584.
Simon, J.
We cheerfully assented to the grant of a re-hearing in this cause, regretting infinitely our concurrence in the judgment ; and we greatly lament the necessity we are in, of dissenting from the opinion of our colleague Judge Bullard, on the rehearing.
It appears to us that the former judgment of the court, if persisted in, would violate two very important legal principles. The plaintiff seeks to obtain from the inhabitants of the city of Lafayette who are bound to pay taxes, damages for the destruction of her house by the Mayor, at the head of a gang of laborers hired for that purpose, in violation and disregard of the authority of-a court from which she had obtained an injunction. It is not alleged that the Mayor acted in obedience to a resolution of the Council, but, on the contrary, his malicious motives and intention are averred. The allegations of the petition, which preceded the issuing of the writ of injunction which was subsequently disregarded and violated by the Mayor, are, “ that the President and- *676 Board of Council of the city of Lafayette, are maliciously and illegally vexing, harrassing and disturbing the petitioner in the occupation and enjoyment of her property; that their intention and object is to expropriate and expel the petitioner from her property, by a course of arbitrary, oppressive and illegal proceedings, under the color and cloak of law ; and that, although the individuals composing said Council act in the premises in their official capacity, yet they are in reality actuated by motives of private interest and feelings of malevolence towards the petitioner, &c.” Thus, it is obvious, from the very averments upon which this action is based, that this is an attempt to throw upon the whole Corporation of the city of Lafayette, or rather upon the tax paying citizens thereof, the consequences of the alleged malicious, wilful and personal acts of its agents.
The master is certainly liable to repair the injury which results from the inexperience or negligence of the servant, in the execution of the duties in which he employs him; but not for the malicious acts of the servant, even in the execution of the orders of the master ; for these, the servant alone is liable. See the case of Ware v. The Barataría Canal Company, 15 La. 170, and the case of Gaillardet v. Desmares, 18 La. 490, in which this doctrine is fully recognized, and in which latter case, we said : “ When the acts of an agent which do injury to others are wilful and deliberate, he must answer for his own misbehavior.” The plaintiff, therefore, ought to have proven that the Mayor acted in the execution of the duties of his office, without malice, for he cannot be supposed to have been employed or directed to vent his revenge or malice against the plaintiff. Any act proceeding from malice or revenge must be viewed as his own, and his employers are not bound to repair the injury resulting therefrom..
It is true, the answer alleges,that “the defendants have done nothing, and intend doing nothing, except what may be authorized by law and by the judgment of this court,” and hence, it has been argued, that the Corporation, instead of disavowing the acts of its agents, has thought proper to justify them: but, although the defendants represent the Corporation, their defence cannot change the grounds upon which this action is founded; it is set pp by the very persons whose acts are complained of as mali *677 cious, and who arc represented as having been actuated by motives of private interest and feelings of malevolence; and we cannot consider it in any other light but as an attempt to justify their said acts, without any direct bearing upon the extent of the liability of their employers, whose legal responsibility cannot undergo any change or modification without their express consent. It does not seem to us, that the plea that the defendants’ acts were authorized by law, can have the effect of throwing upon the Corporation a liability which is not recognized by law, or of permitting the plaintiff to exercise her rights against it, to a greater extent than that provided for by the Legislature.
Those who violate the laws of their country, disregard the authority of courts of justice, and wantonly inflict injuries, certainly become thereby obnoxious to vindictive damages. These, however, can never be allowed against the innocent. Those which the plaintiff has recovered in the present case, admitting that she was entitled to recover any from the defendants, being evidently vindictive, cannot, in our opinion, be sanctioned by this court, as they are to be borne by widows, orphans, aged men and women, and strangers, who, admitting that they must repair the injury inflicted by the Mayor on the plaintiff, cannot be bound beyond that amount, which will be sufficient for her indemnification. This amount is susceptible of being easily and correctly ascertained. The costs attending the replacing of the building in its original condition, and the sum which will amply compensate the loss of the use of the building, from the moment of its destruction until a new one is completed, are matters of very easy calculation. Damages in a case like this, differ widely from those in an action of slander or crim. con., and the very testimony of the only witness who testified below on the value of the damages sustained, shows it. It is true, that he states that, considering the trouble, vexation, inconvenience and expense which the plaintiff has suffered, he would not be in her place .for less than $10,000; but he also values the loss of the eight feet of ground at $2000, and the walls taken down at $300 or $400. It seems to us so evident, that the sum granted by the jury exceeds immensely the proper measure of damages, perhaps by *678 threefold, that we feel no hesitation in remanding the case for a new trial, in order that the plaintiff may, if she can, introduce evidence tending to establish the liability of the defendants, and the real amount of the injury she has sustained. Such being the opinion of the majority of the court;
It is, therefore, ordered and decreed, that the judgment of the District Court be annulled and reversed ; and that this case be remanded to the court, a qua, for a new trial according to law ; the plaintiff and appellee paying the costs of this appeal.*

 Roselius, for the plaintiff, prayed for another hearing in this ease; but the application was rejected, on the ground that one re-hearing had already been allowed.