Bowler vs. Lane.

CASE 28—PETITION ORDINARY—JANUARY 5.

```
┌─────────┐
│ 3me  311│
│128   637│
└─────────┘
```

## Bowler vs. Lane.

### APPEAL FROM KENTON CIRCUIT COURT.

Where an amended petition is filed, and, though not noted of record, is treated by the parties as having been filed—a material allegation therein, which was omitted in the original petition, being put in issue by the answer of the defendant—and the amendment is certified by the clerk as part of the record, it will be so regarded by the court of appeals.

Suit by one who is widow and administratrix of an intestate to recover damages against the proprietor of a railroad, for the carelessness, negligence, and unfitness of the employees and agents of the company in running the engine over and killing her husband. The style of the action in the petition is, "E. L., plaintiff, administratrix of M. L., deceased, against R. B. B., defendant." *Held*—that this shows conclusively the character in which she sues, and an amended petition in which it is distinctly averred that the action is brought as administratrix does not therefore change the character of action.

In an action against the proprietor of a railroad, by the personal representative of one killed by reason of the negligence or carelessness or unfitness of the servants or agents of the company, exemplary damages may be given by the jury.

Although the reason for excluding the evidence of a witness by the court below be insufficient, yet, if there is no statement in the bill of exceptions of what the witness would have proved, or what the party offering him believed he would prove, the court of appeals cannot interpose.

In an action by a personal representative against the proprietor of a railroad for the carelessness, negligence, and *unfitness* of his employees and agents in running an engine over and killing the deceased, the fitness or qualification of the employees, who were acting as engineers at the time the accident occurred, for the business in which they were engaged, is properly a subject of inquiry for the jury, and instructions, limiting their inquiries as to whether the accident was the result of carelessness or negligence alone, are improper.

BENTON & NIXON, for appellant, cited *Rev. Stat., Stanton's ed., vol. 2, page* 510, *secs.* 1 *and* 3.

Bowler vs. Lane.

R. A. ATHEY, for appellee, cited *Stanton's Rev. Stat., page* 510 ; *Civil Code, note (a) to section* 671.

O. A. PATTON, on same side, cited *act of March* 10, 1854, *sec.* 1, *Rev. Stat.,* 510 ; 13 *B. Mon.,* 219.

JUDGE PETERS DELIVERED THE OPINION OF THE COURT:

This action was brought by appellee against appellant, as the proprietor and owner of the Covington and Lexington railroad, for the carelessness, negligence, and *unfitness* of his employees and agents in running his engine against and over Maurice Lane, in the track of said railroad, on Washington street, in the city of Covington.

Appellant complains that the original petition was not brought by the personal representative of the deceased, but was brought by his wife, who had no authority to bring the action, and that the amended petition cannot be regarded as a part of the record because it was not filed, and if it was filed, it changed the character of the action.

In the style of the action the name of the plaintiff is inserted as "Ellen Lane, plaintiff, administratrix of Maurice Lane, deceased, against R. B. Bowler, defendant," which shows, conclusively, the character in which she sues. In the amended petition it is very distinctly averred that the action is brought by her as the administratrix of Maurice Lane, deceased, and the clerk states that the amended petition was filed. Though not noted of record, it was treated as having been filed by the parties, for, in the amended petition, the unfitness of the employees of appellant to manage the engine is charged, which was omitted in the original petition, and the answer responded to and put in issue that charge. The character in which appellee sued was distinctly set forth in her petitions, and understood by appellant; the amendment is certified by the clerk as part of the record, and must be so regarded.

It is insisted that the action is brought under the 1st section of the act (2 *vol. Stanton's ed., Rev. Stat.,* 510,) and that the recovery should be confined to the actual loss of time, and amount expended, and, as Maurice Lane died in a very short

time, and there is no proof of any expense, there is no excuse for the verdict.

By the 1st section of the act, *supra*, the right is conferred on the personal representative of the deceased to institute suit, and recover damages in the same manner *that the person himself might have done for any injury where death did not ensue.*

If Maurice Lane had survived the injury, would he have been confined in his recovery to the mere loss of time during which he could not labor, and to the amount expended in restoring him to health? Certainly not. In actions for injuries to the person no such rule, limiting the recovery to the mere loss of time, and expenditure of money, has ever been adopted; in such actions there is no uniform standard of assessment, and exemplary damages have often been given by juries and approved by this court; even in actions for trespass to property, although the amount of actual loss or damage done the property generally furnishes the criterion of assessment, yet that is not the inflexible rule, and where the trespass has been accompanied with circumstances of aggravation and insult, exemplary damages have been given by the jury and sustained by the courts. (*Owings vs. Ulery*, 3 *Mar.*, 455 ; *Major vs. Pulliam*, 3 *Dana*, 582, *and authorities there cited.*)

The reason for excluding the evidence of Fury was not sufficient; but as there is no statement in the bill of exceptions what Fury would have proved, or what appellant believed he would prove, it does not appear that appellant was prejudiced by the action of the court, without which this court cannot interpose.

The objections to instructions Nos. 2 and 4, as asked by appellant, are, that they fail to submit to the consideration of the jury the fitness or qualification of the employees, who were acting as engineers at the time the accident occurred, for the business in which they were engaged. And instruction No. 3 is obnoxious to the same objection ; it does not very certainly appear, however, from the bill of exceptions, whether that was given or refused, but if it was refused, we cannot say that it was erroneous to do so—the capacity of the persons engaged in managing the engine at the time the accident occurred was

properly a subject of inquiry for the jury, and instructions limiting their inquiries to whether the accident was the result of carelessness or negligence alone, would have been improper.

We do not perceive any error in the instruction given on motion of appellee.

The appellant's motion for a new trial was overruled by the court below, and we do not think that the verdict is so clearly and palpably against the weight of evidence, or that the damages are so flagrantly excessive, as to authorize this court to disturb the verdict. Wherefore the judgment is *affirmed*.