JUDGE STITES
delivered the opinion of the court:
At the September term, 1858, of the equity and criminal court of Marshall county, Wiley Tipper was convicted of hog stealing, and sentenced to two years confinement in the state prison.
From that judgment he has appealed, and seeks a reversal on the following grounds:
First. That the case was not legally and properly before the equity and criminal court, so as to confer jurisdiction upon that tribunal.
Second. That the verdict of the jury was unauthorized by the evidence.
Third. That the court erred, to the prejudice of appellant, in granting instructions to the jury. And,
Fourth. That the court also erred in excluding evidence from the jury that would have been beneficial to appellant.
The grounds will be considered in the order stated.
1. It nowhere appears that appellant objected to the jurisdiction of the court before which he was tried; but if he had so objected, and had saved the point by an exception, it could not avail for reversal in this court.
The Criminal Code (section 334) declares that in felonies, a judgment of conviction can only be reversed upon the following grounds:
“ 1st. An error of the court in admitting or rejecting important evidence.”
“2d. An error in instructing or refusing to instruct the jury.”
“3d. An error in failing to arrest the judgment.”
“4th. An error in allowing or disallowing a peremptory challenge.”
It is not pretended that an objection to the jurisdiction could *10 possibly be embraced -within either of these grounds, except the third; but it has been suggested that, inasmuch as such objection is a matter of law apparent upon the record, a motion in arrest of judgment will reach it. The plausibility of the suggestion is conceded, but it is enough to say in reply, that the Criminal Code (section 271) provides that a motion in arrest of judgment can only be sustained upon the ground that the facts stated in the indictment do not constitute a public offense within the jurisdiction of the court.
It is not contended that the facts stated in the indictment do not constitute a public offense within the jurisdiction of the equity and criminal court, but the objection is, that the case was not properly and legally before that tribunal by the transfer from the circuit court, and therefore not within its jurisdiction.
Whether the transfer was properly made or not, is an inquiry that cannot be raised or answered on a motion in arrest of judgment. Such motion cannot go behind the indictment. The only inquiry permissible upon it relates to the sufficiency of the indictment. This is evident, not only from the language of section 271, supra, but likewise from that of section 273, relating to the same subject, and which authorizes the court, of its own motion, to arrest the judgment “on observing the defect in the indictment.”
2. Neither can this court inquire into the sufficiency of the evidence to support the verdict. Section 334, supra, forbids that likewise.
3. It is by no means certain that the exceptions taken to the instructions are in conformity with that provision of the Criminal Code which requires that the bill of exceptions shall contain all the instructions given by the court to the jury; but, conceding that there has been a substantial compliance in this respect, we are unable to perceive any error in the instructions contained in the record prejudicial to appellant. On the contrary they are, it seems to us, as favorable to him as was possible, and properly'submit the law to the jury.
4. During the progress of the trial, and after the Common *11 wealth had closed her evidence in chief, the defendant introduced a witness and propounded to him the following question:
“State whether or not you had a conversation with the accused while the hog was in his pen, as to how he got and why he held possession of the same, and, if so, state what he said.”'
To the answering of this question the commonwealth’s attorney objected, and his objection was sustained, and the witness not allowed to answer.
This was the only exception taken during the trial to the action of the court in allowing or refusing evidence; and whether the court erred to the prejudice of appellant in refusing to permit an answer to the question above recited, is the only remaining inquiry upon this appeal.
No principle is better settled than that the declarations of a party accused in his own favor, unless part of the res gesta, are inadmissible in his defense. The difficulty in such cases is to determine whether the declarations offered are properly a part of the res gesta. It has been held in some states that, on an indictment for larceny, the accused could not give in evidence his declarations, at the time of arrest, of his ownership of the property taken. (8 Porter, 511; Wharton's Criminal Law, 321.) But in the case 'of Rex vs. Abraham, (2 Karrington & Kerwin, 550,) it was held that a statement made by a person, not then suspected of theft, and before any search made, accounting for his possession of property which he is afterwards charged with having stolen, is admissible in his favor. And we are inclined to favor the reception of declarations made under such circumstances, as tending to explain the manner in which the possession was acquired.
But, conceding the admissibility of such proof, we cannot perceive how the concession can operate to the appellant’s advantage in this case.
The bill of exceptions fails to show a state of case in which declarations of the kind alluded to would be admissible. It does not appear that the appellant had not been suspected of stealing the hog before and at the time to which the question relates. And even if it had so appeared, the bill of exceptions *12 fails to show either what he proposed to prove by the witness, or what he expected the witness to say in response to the question, or even that the witness would prove any fact or declaration favorable to his defense.
In the absence of any statement of appellant or his counsel, made at the time of asking the question, showing what he expected or believed the witness would say in response, it is impossible for us to decide that the refusal to allow an answer was prejudicial to the accused.
It is only for error in excluding or admitting important evidence that this court can reverse a judgment of this character; and the bill of exceptions should show with reasonable certainty that the evidence admitted or excluded was important. The simple refusal to permit an answer to a question is not, of itself, sufficient to show the character of the evidence intended to be elicited by the question. The party excepting to the refusal should, in order to avail himself of the error of the circuit court, state what he expected or believed the witness would prove in response; and let the bill of exceptions show it. Otherwise this court cannot say that the evidence sought by the inquiry was important, or that the refusal to permit an answer was prejudicial to the defendant.
Upon an attentive consideration of the whole case, we are of opinion that no error, available for reversal in this court, was committed by the circuit court, and the judgment must therefore be affirmed.