CHIEF JUSTICE HARDIN
delivered the opinion oe the court.
The appellant, James Chrystal, having been tried, convicted of the crime of manslaughter, and sentenced to confinement in the penitentiary, upon an indictment charging him with the murder of Jacob Ott, prosecutes this appeal for a reversal of the judgment.
It sufficiently appears from the evidence adduced on the trial that on the night of the 5th day of February, 1872, Ott and a man named Stahl were, with several others, together in a drinking-saloon in the city of Lexington, kept by one Timmons, and in which Chrystal was employed as bar-tender, when an altercation occurred between Ott and Stahl, in which Ott struck Stahl in the face; and they were engaged in fighting together, when they were separated, Chrystal assisting in separating them, and then returning to his place at the bar, where he took up a loaded pistol which lay under the counter, and, addressing some words to Ott, who was then moving toward him, either intentionally or by accident discharged the pistol, shooting Ott in the head and killing him instantly.
The first ruling of the court complained of is as to the admissibility of testimony for the defendant. A witness for the defendant having stated that he had known him for “ some fifteen years," but “did not know his general character," was asked “whether or not, in his acquaintance with him in the community, he ever heard any thing against his character for peace and good orderto which the attorney for the commonwealth objected, and the court sustained the objection. It is *671 sufficient to say as to this action of the court that as no statement was made to the court of what the witness was expected to prove if allowed to answer the question, it is impossible for this court to decide that the ruling of the court was an error prejudicial to the accused. (Tipper v. Commonwealth, 1 Met. 6; Bowler v. Lane, 3 Met. 311.)
But a more important and more difficult question is presented in the argument as to the correctness of the following instruction, which was given to the jury at the instance of the commonwealth’s attorney: “ Even if the jury believe from the evidence that the shooting and killing of Ott was accidental, yet, if they believe that said accidental shooting and killing was the result alone of the recklessly careless use of a loaded, deadly pistol by defendant, they should, notwithstanding the accident, find defendant guilty of manslaughter.”
Considered, as this instruction must be, with its proper reference and application to the facts and circumstances attending the killing of Ott, the action of the court in giving it presents the question whether, although the appellant .may not have been actuated in using the pistol as he did by any design to kill or injure Ott or any one else, yet if under the circumstances proved, indicating to him, as they must have done, the necessity for prudence and care in the use of the pistol, he by his “recklessly careless use” of it accidentally discharged it, thus killing Ott he was thereby guilty of the crime of manslaughter.
It is insisted for the appellant, with force and plausibility, that if when he discharged the pistol he did not intend by having it in his hands to discharge it or do any unlawful act with it, his accidental killing of Ott could not have amounted to a felony, however gross may have been his carelessness in the use of the weapon; and we are referred to the case of Golliher v. Commonwealth (2 Duvall, 163) as sustaining this argument. But after a careful consideration of the question *672 we are unable to find in the case cited, or any other decision of this court, any departure from the general rule, when applied to a case like this, that “whatever may be the difference as to the degrees of homicide, a party whose negligence causes the death of another is in like manner responsible, whether the business in which he was engaged was legal or illegal. If the business was of such a character as to be felonious, the offense, it is clear, is murder. . . . But even where the business is perfectly legal, negligence in the discharge of it when producing homicide is manslaughter.” (2 Wharton’s Am. Crim. Law, sec. 1004.) To this general rule there may be exceptions, as where an act, careless in itself, is committed with Ratal results"'under circumstances or at a place from which it might be reasonably inferred' that no injury could happen from the carelessness of the party acting. But this is not of that exceptional class of cases; and, considering the instruction complained of, as we must, with reference to its application to the facts, we must conclude that the court did not err in giving it to the jury.
It does not appear to us that the court erred to the appellant’s prejudice in instructing the jury or otherwise.
Wherefore the judgment is affirmed.