Berry *v.* Commonwealth.

**Criminal Law—Homicide—Evidence—Confession.**
　　Evidence of a witness is admissible when it shows so much of a conversation of the defendant in a murder trial as can be remembered by the witness, amounting to confession of guilt; and the fact that the witness cannot remember all that was said does not render inadmissible what he does remember of the conversation.

APPEAL FROM KNOX CIRCUIT COURT.

October 27, 1875.

OPINION BY JUDGE PETERS:

Appellant and Joseph Sampson, between whom angry words had passed, by mutual consent, engaged in a personal conflict, in which Sampson was stabbed and killed; appellant. was indicted for the homicide, found guilty by the jury who tried him; and the court below, after having overruled his motion for a new trial, rendered judgment of death against him, and he has appealed to this court for a reversal of that judgment. On the trial, Thomas Wilson was introduced as a witness by the attorney for the commonwealth, to prove statements made by appellant in a conversation with one Henry Martin, in relation to the homicide, in the hearing of Wilson, while he was guarding appellant prior to his examination by the court of inquiry.

On being interrogated by the attorney for appellant, the witness states that he could not remember all the conversation that took place, that a great many things were said in the conversation that he did not remember. He was then asked by the attorney for the commonwealth to state what he did remember that Berry said. The attorney for appellant objected, and insisted that the witness should not answer the question; but the court overruled the objection, and permitted the witness to state what was said at the time referred to on the subject by appellant, or so much thereof as he could remember. To that ruling of the court appellant at the time excepted, and whether or not the court erred in admitting that evidence is the first question to be decided.

It may be that the greater part of the conversation, which was forgotten by the witness, was what Martin said; on that point, however, he was not examined, and no prominence will be given to that position. Owing to the frailty of human memory, there are few witnesses indeed, who, when called upon to narrate conversations had with, or confessions made by persons in their presence, can recollect all that was said, or can tell the substance of all that they heard, and fewer still who can give the words in which a communication is made either to them, or which they may have heard. Recognizing the infirmity of memory, and too often the want of fidelity on the part of witnesses, the law had declared that verbal evidence of admissions, or confessions of parties made in the pres-

ence of the witness alone who is called to prove them, is the most suspicious of all testimony, and to be received with great caution, and if extorted by threats or violence, or procured by promises of favor, or the creation of delusive hopes, the evidence will be rejected, thus protecting as far as practicable the accused from fraud and injustice, and from every injury that might result from their own indiscretion, or from the calamity of their situation.

2 Russell on Crimes 644. In this case the statements made by appellant, which Wilson was called on to prove, were made fully and voluntarily; they were made without request from any one, and not addressed to Wilson, but to Martin, in the presence of Wilson and several other persons. Martin was examined as a witness, and if Wilson had forgotten any material part of what appellant had said, and omitted any important portion of the conversation, or had not related with fidelity the statements made, the opportunity was presented by an examination of Martin to correct any mistakes or errors Wilson may have committed. And he could have examined the other persons who were present on the occasion. If the rule is to be established, that when a witness is called to prove admissions or confessions of a party, that unless he remembers and can prove all the party said at the time, whether that which he may not remember be material or not, his evidence is to be excluded. The effect of such a rule would be to exclude entirely proof of admissions and confessions, and abrogate a rule of evidence too long and well established to be disregarded. The court below, therefore, did not err in admitting the evidence.

After a careful examination of each and all of the instructions given to the jury at the instance of appellee, we have been unable to discover any available objection to them or either of them, or to perceive any error prejudicial to appellant. And of those asked by him, all were given except one which is marked "No. 3" in the transcript. In that, certain facts are selected from others, and especial prominence given to them, a practice which this court has repeatedly had occasion to condemn; and besides, these facts are assumed in the instruction to have been proved, thereby withdrawing from the jury the consideration of the evidence on that point, and asking for the court to decide the facts which it was the province of the jury to determine. The instruction for these reasons, if for no other, should have been refused.

Whether or not the court below erred in refusing to admit the offered statements of Doan as evidence is the next question to be

disposed of. It appears from the bill of exceptions, that appellant proposed to introduce G. A. Doan as a witness to prove statements he heard appellant make while he was guarding him, as to how the difficulty arose between Sampton and himself, which resulted in the death of Sampton. The court refused to permit the witness to testify, and that ruling of the court is complained of as erroneous. Neither appellant nor his counsel stated what the declarations were, which the witness would prove, or what they believed he would prove, or if they did, the bill of exceptions fails to disclose that they made such statement; and we cannot decide that the witness would have proved anything material for the defense, or that appellant was prejudiced by the refusal of the court to allow him to testify. *Tipper v. Commonwealth,* 1 Met. 6.

The bill of exceptions shows that Doan was not present, and did not hear the conversation or confessions as proved by Wilson and Martin. He could not, therefore, have been offered to contradict them, or to prove other statements made at that time which were explanatory of their evidence and beneficial to appellant; and any statements made by him at a different time, unless they were contemporaneous with the transaction, and so connected with it as to form a part of the res gestæ would not be competent. So that, in any aspect in which the question can be presented, the ruling of the court was proper.

The refusal of the court below to award a new trial on the ground that one of the jurors had formed and expressed his opinion of the guilt of appellant before he was impanneled, if that be an error, is not one of the four errors enumerated in Sec. 334 of the Crim. Code, for which this court can reverse a judgment of conviction. Of that question, therefore, we have no jurisdiction. After a careful consideration of the various questions presented by this appeal, we can discover no error which is available for a reversal by this court.

Wherefore the judgment must be *affirmed.*

*Ford, for appellant.    Attorney-General, for appellee.*