## MATHEW BRANHAM *v.* COMMONWEALTH.

**Criminal Law—Evidence.**

> In a criminal case where the defendant was charged with the larceny of a watch, it was error for the court to refuse to permit the defendant to prove that before he knew he was suspected of the crime, he exhibited the watch to persons and inquired of them whether they had lost it and whether they knew to whom it belonged and stated to them that he had just picked it up in the yard and desired to find the owner.

### APPEAL FROM DAVIESS CIRCUIT COURT.

#### January 20, 1876.

OPINION BY JUDGE LINDSAY:

We need not consider the question raised as to the variance between the proof and the indictment.

The court instructed the jury that they could not find the appellant guilty unless they believed from the evidence that the watch charged to have been stolen was "a German silver hunting case watch." This is the exact description given in the indictment. If the jury disregarded this instruction, and found against the evidence, the circuit court had the right and power for that reason to grant appellant a new trial, but this action of that court in this regard is not subject to the revisory power of this court.

The appellant offered to prove that on the morning the watch is alleged to have been stolen, and before he was suspected of the theft by any one present, and before he knew or could have known that the owner of the watch suspected him, and before any search had been made, that he exhibited it to two persons and asked one of them if he had lost it, and both of them if they knew to whom it

belonged, and stated that he had just picked it up in the yard, and desired to find the owner.

The court refused to allow those facts to go to the jury. This was error. The exact question was decided by this court in the case of *Tipper v. Commonwealth*, 1 Met. 6, and also in the subsequent case of *Carter v. Commonwealth* in an unpublished opinion. In the last-named case the court examined the common-law authorities and was satisfied that they sustained the doctrine announced in the Tipper case.

Judgment *reversed* and cause remanded for a new trial upon principles consistent with this opinion.

*Owen & Ellis, for appellant.    T. E. Moss, for appellee.*