*J. W. Blue, for appellant.    Sumner Marble & Son, for appellee.*

---

## JOHN CAIN v. COMMONWEALTH.

**Criminal Law—Appeals.**

>The granting of an appeal in felony cases from a final judgment of conviction is a matter of right, and not a mere matter of grace with the court.

**When Criminal Trial Ends.**

>Within the meaning of the criminal code a trial is not over until the motion for a new trial is overruled and the sentence is passed.

**Admission of Evidence.**

>When the bill of exceptions fails to show what response was expected from the witness, this court cannot say that the appellant has been prejudiced by the action of the court in refusing to allow the witness to express his opinion. Counsel should have stated to the court what they hoped to prove by the witness, and that should have appeared in the bill.

APPEAL FROM LINCOLN CIRCUIT COURT.

February 4, 1879.

OPINION BY JUDGE HINES:

The granting of an appeal, in felony cases, from a final judgment of conviction is not a matter of grace with the court below, but of absolute right in the accused of which he cannot be deprived if the necessary steps are taken in time. Such appears to have been the opinion of the court below, but the refusal to grant an appeal seems to have been based upon the idea that the accused applied too late.

In considering the questions suggested by counsel for appellant we are without aid from the counsel representing the commonwealth, either by brief or oral argument. Section 273 of the Criminal Code provides that an application for a new trial must be made at the term at which the verdict is rendered, unless the judgment be postponed to another term.

After verdict in this case and before sentence, motion was made and grounds for new trial filed. Pending the motion appellant escaped from prison, and the court overruled the motion and refused to grant time to prepare a bill of exceptions. Subsequently appellant was recaptured, and before sentence was passed the motion for new trial, accompanied with the former as well as new grounds in support thereof, was made. This motion was overruled, the bill of exceptions signed, and the court, doubting its right to grant an appeal, refused it.

Within the meaning of Section 273, there was no judgment until the sentence was passed, and consequently the right to make the motion passed over to that term and continued until the sentence. Within the meanings of Secs. 273 and 282, Criminal Code, and Sec. 337, Civil Code, the trial was not over until the motion for a new trial was overruled and the sentence was passed. This is unlike the case of *Wilson v. Commonwealth,* 10 Bush 526. Where this court refused to proceed because, after an application to a judge of this court for an order granting an appeal, the prisoner escaped and was at large at the time the court was asked to pass upon the rulings of the court below. In this case the accused had been recaptured and was in court when the motion for a new trial was made, and continues in custody.

The principal cause of complaint is that the court admitted incompetent testimony and refused to hear competent evidence offered by the defendant. The first objection is that the court erred in allowing Green Walls to state that a few days before Wickersham's house was burned appellant passed through the field of witness, and that he no-

ticed from the track that there was a patch on one of his shoes, and that the morning after the burning of the house he saw a track like it near Mrs. Lair's house. Mrs. Lair testified that on the night the house occupied by Wickersham was burned, and, about 11 o'clock, several persons came to her house; that she thought from the noise that they made that there were six or seven of them; that she recognized the voice of Tobe Farmer because he stutters. Wickersham had testified that appellant and Tobe Farmer were of the party who burned his house, and that on leaving they went in the direction of Mrs. Lair's. The resemblance of the foot print near Mrs. Lair's to the foot print in the field, considered in connection with the statement of Wickersham that appellant and Farmer were of the party that burned his house, and that they went in the direction of Mrs. Lair's when they left, is undoubtedly a circumstance tending to confirm the statement of Wickersham that appellant was of the party doing the burning, and the evidence was therefore competent.

Appellant also complains that Baker Walls was not permitted to give his opinion as to how long it would require a person to walk from the house of appellant to the house that was burned. The bill of exceptions does not show what response was expected from the witness; and conceding the question competent, this court cannot say that the appellant has been prejudiced by the action of the court in refusing to allow the witness to express his opinion. Counsel should have stated to the court what they hoped to prove by the witness, and that should have appeared in the bill. *Chrystal v. Commonwealth,* 9 Bush 669; *Nichols v. Commonwealth,* 11 Bush 575.

Hooker says he saw several persons in the vicinity of Wickersham's the night of the burning; that he recognized Matt Smith, thought one was Tobe Farmer and the other either appellant or his brother. Objection is made that the recognition in the alternative is not competent. Standing alone this statement would not be substantive evidence that appellant was of the party that burned the house; and to prove that Farmer and Smith, in company with others, were in the party that were seen going to or from the house the night of the burning would not of itself convict appellant of the crime. But Wickersham, whom the defense attempts to impeach, says that he recognized Farmer, Smith and appellant in the party that did the burning, and evidence tending to show that Farmer, Smith and one of the Cains were also in the party is confirmatory of the identity of Smith and Farmer, and increased the probability that Wickersham

was not mistaken as to the identity of appellant. When the offense to be charged is to be made out to a great extent by circumstantial evidence the statement of the witness that the person he saw with Farmer and Smith was either appellant or his brother is some evidence, taken in connection with the other proof that appellant was the person seen by the witness. Considerable latitude must of necessity be allowed in such cases.

No objection appears to have been made to the instructions.

Perceiving no error to the substantial rights of appellant, the judgment is *affirmed*.

*J. S. Hocker, for appellant.*