SHOAT GENTRY *v.* COMMONWEALTH.

[Abstract Kentucky Law Reporter, Vol. 5—242.]

**Waiver of Question as to Misjoinder.**

Where no demurrer raising the question of misjoinder is filed, such objection is waived.

**Offer of Proof by a Witness.**

When a party offers a witness to prove a fact and objection is made to a question asked him, an offer to prove by the witness

a certain fact should be made, as the court in the absence of such a statement as to what the witness will swear to in answer to the question can not know how to rule, and unless such a statement is made no point is raised against the legality of such ruling.

## APPEAL FROM MONROE CIRCUIT COURT.

### September 8, 1883.

OPINION BY JUDGE HARGIS:

The motion in arrest of judgment was unavailing because the indictment sufficiently charged a public offense against the defendant. A demurrer would have saved the questions as to misjoinder of the parties and of the offenses, but no demurrer having been filed those objections, if they existed, were waived.

The sixth instruction asked by appellant's counsel was erroneous because it required the jury to acquit unless the evidence showed malice upon the appellant's part in doing the shooting, regardless of the fact that it may have been done in sudden heat. Besides this, instruction No. 1 substantially gave the law of the sixth instruction so far as it was correct, and left the jury free to acquit of malicious shooting unless malice had been shown.

There is nothing to show what answer Nelson Gentry was expected to make to the question as to what he said to the appellant about the gun not being loaded on Saturday night before the shooting. What his answer would have been to the question is necessary to the decision of the point raised against the legality of the ruling of the court in refusing to allow him to make it. *Tipper v. Commonwealth,* 1 Metc. (Ky.) 6; *Chrystal v. Commonwealth,* 9 Bush (Ky.) 669.

The jury are the judges of the weight of the evidence, and unless there is not sufficient evidence to support the verdict of which the trial court is the judge a new trial ought not to be granted. The circuit court overruled a motion for a new trial on this ground, and there being no error of law, we have no authority to reverse the case on that account.

The judgment is therefore *affirmed.*

*Carr & Bullock, for appellant.*

*P. W. Hardin, for appellee.*