WILLIAM ELLISON, JR., v. COMMONWEALTH.

**Manslaughter.**

Where one is killed by another and the killing is the result of and occasioned by lawless and reckless handling of a pistol by the defendant his offense is manslaughter, especially when it is shown that while under the influence of whisky he is threatening harm to another, and in recklessly flourishing his pistol and during the effort of friends to restrain him he shot and killed the deceased, without intending to do so.

APPEAL FROM WHITLEY CIRCUIT COURT.

June 19, 1884.

OPINION BY JUDGE HARGIS:

The court instructed the jury that if the killing was the result of and occasioned by lawless and reckless handling of the pistol by the defendant his offense was manslaughter. There was no error in this instruction because it is sustained by text law and the decision in the case of *Chrystal v. Commonwealth*, 9 Bush (Ky.) 669.

Besides this, it alone was applicable to the facts proved. The evidence clearly shows that the appellant while laboring under the influence of whiskey was threatening harm to another, and in

recklessly flourishing his pistol during the effort of his friends to restrain him he shot and killed the deceased, his kinsman, without intending to do so.

These facts did not authorize the exposition of the law of involuntary manslaughter to the jury, because the appellant's act was not simply unlawful; it also tended to the destruction of human life and was calculated to result in injury which he is presumed to have understood.

The other instructions commented on by counsel were correct. Wherefore the judgment is *affirmed.*

C. W. Lester, R. D. Hill, James H. Tinsley, *for* appellant.
P. W. Hardin, for appellee.

