16L 204
47 1659¹

FENNER *vs.* WATKINS ET AL.

APPEAL FROM THE COURT OF THE SEVENTH DISTRICT, FOR THE PARISH OF
OUACHITA, THE JUDGE OF THE SIXTH DISTRICT PRESIDING.

Penalties are given in favor of persons unable to establish the extent of the
injury they may have sustained.

Damages are allowed exactly in proportion to the injury sustained by the
party claiming them.

Where an unauthorized opposition is set up against a ferry, regularly leased
out at public auction, the person setting up the opposition ferry, is liable
in damages to the lessee of the regular ferry.

This is an action to recover damages from the defendants,
for interfering with the plaintiff's rights, in keeping a ferry
across the Ouachita river, at the town of Monroe.

The plaintiff alleges, that he has purchased, at public auc-
tion, in conformity with law and the regulations of the police
jury, the exclusive right to keep a ferry at Monroe ; but that

the defendants in defiance of his rights, and against law, have
since the 1st September, 1838, been keeping a public ferry also, thereby diminishing his business, after he had been at
great expense in making preparations, &c., to accommodate the public, to his great damage one thousand two hundred dollars, for which he prays judgment.

The defendants excepted to the form of action, and to the jurisdiction of the District Court; averring that, if any cause of action existed, it should be brought before a justice of the peace, for the penalty in each crossing, in violation of law.

In answer, they denied that the plaintiff was legally entitled to keep said ferry; that there was no legal evidence of the ordinance being passed or promulgated, giving the exclusive right to his ferry, or that it was legally advertised and let out.

They further deny ever having crossed people over for money, but kept a boat only for their own use, and for the accommodation of their customers and friends. They pray that the suit be dismissed.

Upon these pleadings and issues, the cause was tried before the court and a jury.

The defendants produced a subscription list, headed by a few citizens, to raise a sum of money for the defendant to keep a ferry for their use.

Upon the evidence adduced by the parties, the jury returned a verdict of ten dollars in damages for the plaintiff, and from which the defendants appealed.

*M'Guire*, for the plaintiff, submitted the case to the court.

*Copley* and *Downes*, for the defendants.

*Martin, J.*, delivered the opinion of the court.

The defendants are appellants from a judgment by which the plaintiff recovered damages for the violation of his rights as a ferry-keeper.

The defendants excepted to the jurisdiction, urging that the legislature has directed, in cases like the present, that the

WESTERN DIST.
October, 1840.

FENNER
vs.
WATKINS ET AL.

Penalties are given in favor of persons unable to establish the extent of the injury they may have sustained.

Damages are allowed exactly in proportion to the injury sustained by the party claiming them.

remedy of the ferry-keeper, is by suit before a justice of the peace, for the penalty of twelve dollars for each violation.

This exception, in our opinion, was properly overruled. Penalties are given in favor of such persons as are unable to establish the extent of the injury which they have sustained. They do not deprive a party of his resort to an ordinary action, in which damages are obtained exactly commensurate with the injury.

On the merits, the defendants deny that the plaintiff was a legal ferry-keeper ; the ordinance of the police jury, directing the adjudication of the ferry, not having been legally promulgated, nor the auction, letting out the ferry, duly advertised. They further aver, that the boat which is alleged to have been used in opposition to the plaintiff, was employed in carrying over the defendants, and that if other persons used it, no compensation was required or taken from them.

It is not denied, that the ferry was adjudicated to the plaintiff, and he has produced the process verbal of the adjudication. He is, therefore, *de facto* at least, the keeper of the ferry, bound to attend properly to the duties in keeping it up, crossing over passengers in safety, and liable to the penalties of the law for his carelessness or neglect.

Where an unauthorized opposition is set up against a ferry, regularly leased out at public auction, the person setting up the opposition ferry is liable in damages to the lessee of the regular ferry.

It is in evidence, that the defendants are tavern-keepers, and that persons who stop at their hotel, are carried across the river gratuitously. The profits which they make from such customers, enable them to bear the expense of taking them over the river, and the obligation which the customers are under, when no ferriage is charged, to put up at the defendant's house, is as advantageous to the latter as the ferriage, and perhaps more so, and consequently, equally injurious to the plaintiff.

The damages given by the jury are inconsiderable, being only ten dollars.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.