Moephy, J.
delivered the opinion of the court.
This suit was brought to recover damages for injury sustained by plaintiff, whose gig was upset and considerably damaged by a dray belonging to the defendant. It is alleged that the boy who was driving the dray also [491] belonged to the defendant, and that the accident was the result of his neglect and carelessness. After denying generally the facts alleged, the answer avers that defendant cannot be liable because the slave who occasioned the damage is not his property. There was a judgment below in favor of plaintiff for $200. Defendant appealed.
The evidence shows that the boy who was driving defendant’s dray did not belong to him, hut was hired by him from some other person whose name has not been disclosed even on the trial; and that the accident which gives rise to the present claim happened through his neglect and want of proper care and attention.
The defendant contends that the owner is alone responsible for any damages occasioned by a slave; that as he only hired this slave, he is not to answer for such of his acts as may cause injury to others, and we have been referred to those articles of the La. Code which declare the liability of masters for the offences and quasi offences of their slaves. La. Oode, arts. 180 and 2300. It appears to us that defendant’s liability in this case rests on grounds *666 altogether distinct from those which are the basis of the responsibility of the owners of slaves under the foregoing provisions of our Oode. The liability of the masters of slaves is a consequence of their ownership. It is one of the burdens of this species of property; it is absolute and exists whether the slave is supposed to be acting under their authority or not; the only difference lies in the extent of this responsibility. If the offence or quasi offence which occasions the injury is committed by the slave without the order of his master, the latter may exonerate himself by surrendering the slave to be sold; while he will be answerable for any amount of damages, if the slave has only acted in obedience to his orders. The provision of law on which plaintiff relies, as applicable to this case, is article 2299 of the La. Oode. It provides that “masters and employers are answerable for the damage occasioned by their [492] servants-and overseer's in the exercise of the functions in which they are employed.” Tho circumstance of the person employed being a slave in stead of a free person, cannot, in our opinion, vary or change the rcsponsi bility of the employer; for it rests on the ground of express or implied authority from him, but in order to hold tho employer liable, the damage must be done through the neglect of the slave hired while he is actually en gaged in the functions or duties intrusted to him. If the negro in this case had wilfully and wickedly run his dray against plaintiff’s gig, instead of doing it through neglect or unskilfulness, defendant could not have been made liable, because the damage could not be said to have been done in the course of his employment or under any implied authority from him. When the acts of an agent which do injury to others are wilful and deliberate, he must answer for his own misbehavior. If he be a slave against whom no action can lie, the law substitutes for his responsibility that of his master; but when tho damage has been done by tho imprudence, unskilfulness or ignorance of a person employed by another to do a certain thing, the employer is responsible whether the agent is a free person or a slave. In this case the plaintiff had, we think, an action against both the owner and employer of the slave. Had defendant thought proper to let plaintiff know the name of the person from whom he hired this" slave, he might perhaps have saved himself the trouble and expense of this suit; not having done so, he cannot complain if he alone is looked to for indemnity. The injury sustained by plaintiff being proved to have happened through the neglect and carelessness of the boy while he was driving a dray by order and for account of the defendant, the latter is clearly liable under article 2299 of the La. Oode. As to the injury suffered by the negro who drove the plaintiff’s gig, damages were rightly disallowed, because it is in evidence that lie does not belong to plaintiff.
The judgment of the parish court is therefore affirmed, with costs.