### JAMES F. HENDERSON and others *v.* THE WESTERN MARINE AND FIRE INSURANCE COMPANY.

In an action on a policy of insurance against fire, evidence is inadmissible to prove that the loss occurred through the negligence of an agent of the plaintiff. The evidence is irrelevant. *Per Cur.* The underwriters are answerable for any loss occasioned by the negligence of those in charge of the property insured. Such is the law both of marine and fire insurance. But the negligence must be unaffected by any fraud or design on the part of the insured.

In an action on a policy of insurance, effected on account of the plaintiffs by an agent, testimony to prove that the latter, who had a policy for his own benefit on goods in the same building, designedly set fire to the building, is inadmissible, where it is neither alleged nor proved that they were in any way privy to the act The act can no more affect the plaintiffs than if done by a stranger. A principal is liable civilly for the frauds or misrepresentations of his agent, made in the

course of his employment, though he neither authorized, justified, nor participated in his misconduct, nor even knew of it; but the misconduct, or misrepresentation on the part of the agent, must be while acting as such, within the scope of his agency. Nor will the record of a suit between the agent and the defendants, on his own policy, be admissible to prove fraud and false swearing on the part of the plaintiff in the latter suit, or to show what portion of the property insured belonged to the plaintiffs in the action in which it is offered in evidence. The fraud and false swearing on the part of the agent, being in his own case and for his own purposes, was irrelevant; and the principals not being a party to the suit, the matter was *res inter alios acta*, and cannot be used against them.

When an agent, by whom insurance had been affected, he being named as agent in the policy, swears to the loss as his, the oath will be considered as referring to the character in which he was recognized and acted when he affected it, and not as proof of perjury.

The allegation in an answer that a third person is the real plaintiff in the action, is not sufficient to exclude his testimony.

Where defendants, sued on a policy of fire insurance underwritten by them, are shown to have consented that the property damaged by the fire should be sold at auction, the price at which it was sold is a proper criterion by which to estimate the damage of the insured.

Appeal from the Parish Court of New Orleans, *Maurian, J.*

*Durant*, for the plaintiffs.

*Maybin* and *Roselius*, for the appellants.

Morphy, J. The petitioners, a commercial firm, located in the town of Bayou Sara, in the parish of West Feliciana, seek to recover $551,07, which they allege to be the loss they have sustained on a lot of merchandize, insured against fire by the defendants, on the application of Morton Hoffman, their agent in New Orleans, and which was injured by fire during the term of the policy, in a store in Tchoupitoulas street. They aver that the value of the goods, before the fire, was $971,25; that, after being damaged, they were sold at auction by the order, and with the consent of the underwriters, and produced $420,18, thus making their loss amount to the sum claimed. The defendants admit the execution of the policy, but deny that the goods were sold by their order, or with their consent, or that the petitioners have complied with the conditions imposed upon them expressly by the policy, or by law. They further say, that the fire was caused by the design, or by the negligence, or fault of Morton Hoffman, the person named in the policy, and who effected the insurance; or by the design, or negligence, or fault of

some one in the employ of Hoffman, with the view, on the part of said Hoffman, or said other person, to defraud the company, and for whose acts the petitioners are responsible. They further charge that, with the same fraudulent view, Hoffman claimed of them a loss exceeding the amount now sued for, in consequence of all which the policy has been forfeited ; that the said Hoffman is the real plaintiff in the case, or that the petitioners are responsible for all his acts, &c. The case was tried before a jury, who gave their verdict in favor of the plaintiffs. From the judgment entered up thereon the defendants have appealed, after vainly attempting to obtain a new trial.

Our attention has been drawn to several bills of exception spread upon the record. The first is to the opinion of the judge below, refusing to hear testimony offered to show that the store occupied by Morton Hoffman was set on fire by him with the intention to defraud the defendants, or was occasioned by his negligence, or other fault. We do not think that the judge erred. If the fire happened in consequence of any negligence, or fault on the part of the plaintiffs' agent, the testimony to prove it was irrelevant, as it is now well settled, both in England and the United States, that the underwriters are answerable for a loss occasioned by the negligence of persons in charge of the property insured ; and such is the law both in fire and marine policies. It rests upon the familiar principle that *causa proxima, non remota, spectatur;* fire being considered as the proximate cause of the loss, though the remote cause of it may be traced to some carelessness, or negligence of the assured; or his agents, or servants ; but such carelessness or negligence must be unaffected by any fraud, or design on the part of the assured. Fraudulent losses are necessarily excepted, no man being permitted in a court of justice to avail himself of his own turpitude as a ground of recovery in a suit. 1 *Phillips on Insurance, p.* 632. *Patapsco Insurance Company vs. Coulter,* 3 *Peters,* 222. *Columbia Insurance Company vs. Lawrence,* 10 *Ib. p.* 517. *Waters vs. The Merchants' Louisville Insurance Company,* 11 *Ib. p.* 218.

In relation to the testimony offered to prove that Hoffman designedly set his store on fire to defraud the defendants, the

judge thought, and we think correctly, that it should be excluded, as the plaintiffs were not in the least degree implicated in the charge. Hoffman, it appears, had two policies underwritten by the defendants, the one now sued on, which expressly purports on its face to be for the account of the plaintiffs, although made out in his name; and the other for his own account on goods in the same store. If, to accomplish his own fraudulent purposes, Hoffman committed the act he is charged with, are the plaintiffs to suffer for it, when it is not even intimated that they were in any manner cognizant of, or privy to the deed? Should this wicked and unauthorized conduct on the part of their agent, affect them any more than if it had been that of a stranger? It is true the principal is liable to third persons in a civil suit, for the frauds, deceits, misrepresentations, &c. of his agent, in the course of his employment, although the principal did not authorize, or justify, or participate in such misconduct, nor even know of it; but the just and necessary limitation of this general rule is, that such frauds, deceits, misrepresentations, &c. must occur in the course of the agency; and he is not responsible for the agent's wilfull, malicious, and unauthorized acts in matters beyond the agency. Story on Agency, § 452, 456. If, for instance, in effecting the insurance the agent makes a false representation or concealment, such false representation or concealment will be considered as that of his principal, and will have the same effect on the policy as if made by the principal, it being an act within the scope of the agency, and in doing which he represents the principal; but in the present case, the act charged to Hoffman and offered to be proved, cannot be considered as done in the execution of the authority given him, when it is not pretended that the plaintiffs were participants in the fraud. *McManus* vs. *Crickett*, 1 East's Rep., 106. *Foster et al.* vs. *The Essex Bank*, 17 Mass. Rep., 608. *Ware* vs. *The Barrataria and Lafourche Canal Company*, 15 La. Rep., 170. *Gaillaudet* vs. *Demaries*, 18 La. 490.

The next bill of exceptions is taken to the opinion of the judge, rejecting as evidence the record of a suit in the Commercial Court between Morton Hoffman and the defendants, which is stated to have been offered by the latter, to prove fraud and

false swearing on the part of Hoffman, and for the purpose of enabling them to show what portion of the property belonged to the plaintiffs, and what portion belonged to Hoffman individually. The judge's opinion appears to us correct. It does not appear from the bill of exceptions, nor is it pretended by the defendants' counsel, that the fraud and false swearing sought to be shown, took place in relation to the plaintiffs' claim and under their policy. If the evidence offered was to prove such fraud and false swearing on the part of Hoffman in his own case, and for his own purposes, it was clearly irrelevant, as in so doing, he was not acting as their agent, and they are only answerable for, and can only be affected by, such of his acts, as are done in the course of his employment. The plaintiffs, moreover, were · not parties to the suit in the Commercial Court. It is *res inter alios acta,* and cannot be used against them.

A third bill of exceptions was taken to the admission of Hoffman's testimony, which was objected to on the ground that he had sworn to a statement of the loss as being the amount of *his* loss; that he was charged in the answer with being the real plaintiff; and that the defendants had expressly charged that the fire was caused by the fraud or negligence of said witness, with the view of defrauding them. We think that the judge decided rightly. The affidavit was made by the agent named as such in the policy. When he swore to the loss as his, such an oath necessarily referred to the character in which he was recognized and acted when he effected the insurance. As to the mere allegations of an answer, they cannot be considered as sufficient to exclude any witnesses offered by the plaintiff in a cause.

When the jury were about to retire, the defendants moved the court to charge them, that the sale of the damaged goods at auction, without the consent of the underwriters, was not a proper criterion by which to ascertain the damage done to the property insured. The consent of the defendants that a sale of the goods should be made at auction having been shown in the present case, the judge refused, and properly, we think, to instruct the jury as required. The question as to what course should have been pursued, had no such consent been given, was

not before the jury. The instruction called for was not, therefore, necessary to assist them in deciding the case.

On the merits the evidence, in our opinion, sustains the verdict of the jury.

*Judgment affirmed.*.