Taliaferro, J.
This action is based upon a claim against the defendants for twelve thousand dollars damages, resulting from gross negligence and recklessness on the part of defendants’ employes on board the said boat, while in the act of discharging a quantity of freight, whereby the plaintiff, a passenger on the boat at' the time, received severe bodily injuries, one of his legs being crushed and broken in several places rendering him a cripple for life.
The defendants deny that the accident and injury complained of by the plaintiff were caused by want of care on the part of the defendant’s agents or employes.
Judgment was rendered in favor of the plaintiff for $1540 and costs.
The defendants have appealed.
The plaintiff took passage on board the steamer Wade Hampton in *378 April, 1872, to return from New Orleans to Points Coupee, the place of his residence. When the steamer came to at Cook’s Landing, two stages were launched for the discharge of freight and for the egress of passengers. The water in the river was on a level with the land, and, consequently, the stages presented a very considerable declivity from the boat to the shore. The evidence seems to establish that while the plaintiff was on the stage going ashore and when within about four feet of the land, a barrel of flour, under the guidance of one of the deck hands, and at that moment, about midway the stage, got loose from his hold, or was purposely let go, and rolled down with great rapidity, striking the plaintiff with such force that he was knocked down to the end of the stage, by which one of his legs was broken and badly crushed, from the effects of which he was for a length of time confined to his bed and rendered permanently lame. The Wade Hampton was at that period a regular packet between New Orleans and Natchez, and it appears that on her arrival at Cook’s Landing that trip she was considerably behind her timej and from the drift of the testimony we conclude that perhaps more than the usual. bustle and hurry were used in getting on shore the freight for that landing, and that a proper regard for the safety of the passengers while getting ashore from the boat was not observed. There is,- as usual, in all cases of this sort, a confliction of testimony, but the evidence is satisfactory that the serious injury received by the plaintiff was the result of a reckless disregard of his safety as a passenger, while he was disembarking from the boat and without contributory negligence on his part. A witness states tha^ after the barrel was let loose some one bawled out: “ Look out!” and another witness was sure the plaintiff had time to have jumped from one stage to the other and escape injury. But passengers have the right to require to be set on shore safely, and while disembarking they are not subjected to the hard lot of encountering dangers gotten up by those whose business it is to provide for their safety in leaving the boat. There should be no necessity existing for them to “ look out,” or to jump from one stage to another in order to save life or limb.
“ Common carriers are bound to carry their passengers safely and securely, and to use the utmost care and skill in the performance of their duties.” Angelí on Carriers, p. 568. “And, of course, they are responsible for any, even the slightest, neglect.” 2 G-reenleaf Ev. 221. “ The burden of proof is on the defendants to establish that there has been no disregard whatever of their duties, and that the damage has resulted from a cause which human care and foresight could not prevent.” Angelí on Com. Carriers. The captain and owners are responsible for the acts of their employes. 15 An. 321; 18 La. 490; 2 An. 654; 11 An. 396; 14 How. N. S. 468.
*379 The case is fully made out. We are, however, not inclined to enlarge the judgment as prayed for on the part of the plaintiff. We do not regard it as excessive. It is shown that when the accident occurred the captain procured surgical aid promptly and paid fifty dollars for the services.
For the reasons assigned it is ordered, adjudged and decreed that the judgment of the district court be affirmed with costs.
Rehearing refused.