## No. 172.

### ALBERT HEIM *v.* JOHN POWERS.

1. Where defendant, owning horses and a carriage employed generally for hire,
   had placed a driver in charge, and said driver, without authority, invited a
   third person to a free ride in said carriage, during the course of which ride
   an accident occurs through the fault of the driver, held, that the owner of the
   carriage and horses is responsible.

2. From those who own and employ particular property, the public have a right to
   demand the exercise of skill, discretion, judgment and caution, in the using of
   such property.

3. The public have, therefore, a right to the personal supervision by every owner
   of the property belonging to him, and consequently to his personal liability
   for damages occasioned by its misuse, or by the careless supervision, or
   controlling thereof.

4. Consequently, if the proprietor places another in his stead, as custodian or super-
   visor of such property, such proprietor is responsible for the negligences, etc., of
   his representative in failing to prevent injuries to third persons, occasioned in
   any way, not unavoidable, by or in connection with such property.

5. The driver of a carriage, ordinarily let out *for hire*, is the representative of the
   owner for the safe-keeping of the vehicle, as well as for the mere driving
   thereof; therefore, although at the time of the infliction of the damage in this
   case, the particular driver in question was driving a friend *gratuitously*, he
   remained the agent of the owner,

*Appeal from the Civil District Court, Parish of Orleans, Division E.
Lazarus, J.*

*Braughn, Buck & Dinkelspiel* for plaintiff.

*J. O. Nixon, Jr.* for defendant and appellant.

McGLOIN, J.—Plaintiff sues for $251.40, damages, alleged to
have been occasioned him by the negligence, drunkenness and

consequent unskilfulness of defendant's servant and employee, while the latter was in defendant's employment.

There is an agreed statement of facts, whereby it is shown that defendant kept carriages to hire; and, on or before February 27th, 1881, he had placed one carriage under the charge of a certain Anatole Penneguy as driver; that said Penneguy, on said date, went to the Parish Prison in this City, and invited C. C. Cain, then captain in charge of said Prison, to take a free ride in the carriage, which invitation was accepted.

The statement of facts shows further that, during the course of this drive, a phaeton and horses owned by plaintiff was run into by the carriage of Powers, which said Penneguy was driving, and that the collision was due entirely to the fault of said Penneguy, who was drunk at the time, and driving on the wrong side of the road.

The result of this collision was that one of plaintiff's horses was so seriously wounded, that he died within nine days after the infliction of the injury, and the phaeton itself and the harness were damaged. The Judge *a quo* held defendant responsible for the fault of his driver and fixed the damage at $215.40.

The defendant, appealing, demands the reversal of this judgment, contending that Penneguy was his agent only for the purpose of running his carriage for hire, and that the moment said Penneguy undertook to employ the vehicle in driving persons gratuitously, he was acting beyond the scope of his authority, and all that he did were his own acts, for which his principal was in no manner responsible. He cites in support of this position: Gerber vs. Viosca, 8 Rob. La. 151; Le Breton vs. Kennedy, 27 La. An. 432; Dyer vs. Rieley and Leathers, 28 La. An. 6; Richoux vs. Mayer Bros., 29 La. An. 828; La. C. C. 2320; McManus vs. Crickett, 1 East. 106; Thompson on Negligences, Vol. II, p. 885, §§3, and 865, *et seq*.

Whatever may be the law in this State, as found in our reports, with regard to the malicious acts of an agent, certainly as to his negligence, and want of skill in the performance of his duties, there is no question of the master's liability.

Those who are brought into contact with the affairs or property of any person, have a right to exact of that person an exercise of due skill, judgment, discretion and caution, so that they may not be made to suffer by the manner in which such business is conducted, or such property controlled. If the proprietor retains personal charge of his affairs, or of his property, he is individually responsible for the management or control thereof. If, in the conduction of such business or the keeping of such property, the proprietor does any act whatever that is injurious to others, such proprietor is clearly liable. This is certainly a valuable guarantee in favor of third persons, and one which is accorded and preserved by the law. Third persons have, therefore, as it were, a property in this personal liability of the proprietor. In other words, they have an interest that the business of every man shall be governed and his property controlled by himself, with the consequent individual liability; and, so far as such third persons are concerned, the proprietor cannot divest himself of the obligation of personal management and care.

If, for his own convenience, the principal substitutes another in his own place, in the doing of these things, he may do so, and so far as they are not affected, third persons cannot complain, But the moment that such third persons begin to suffer from what is done in the conduction of such business, an interest in their favor springs up, and the substitution should not be permitted to affect their rights, by abrogating the personal responsibility of the principal.

We are not called upon in this case to determine the application of these principles to the torts of the agent, committed in the performance of the work or duty for which such agent is employed, or to deal with the conflict that exists upon this point among our authorities, The case is put before us as one of negligence and recklessness, and not of malicious wrong-doing, and in cases such as this, the precedents are clear and harmonious. Gaillardet vs. Demaries, 18 La. 490; Hart vs. N. O. and Carrollton R. R. Co., 1 Rob. La. 178; Camp vs. Church of St. Louis, 7 La. An. 324; Fitzgerald vs. Ferguson, 11 La. An. 396; see also

Pothier on Obligations, §§121, 453; Touillier, Droit Civil, Book 2, tit. 8, §284, Vol. 11.

The law is equally settled, and its justice is manifest, that the liability of the employer only extends to the acts of the employee, done within the scope of his employment, and in connection therewith. See authorities cited above.

The error of defendant, however, seems to us to lie in the attempt to confine the agency of Penneguy to the mere matter of driving the carriage of said defendant for hire. We consider that his employment was not confined alone to such driving, but that he was also charged with the duty of keeping and controlling the vehicle and horses, from the time the latter were taken out in the morning until they were returned at night, or before, into the stables of defendant. This portion of his undertaking, at least, Penneguy certainly performed in a reckless and grossly negligent manner, and Powers, as the principal or employer, is responsible.

We are referred to McManus vs. Crickett, 1 East. 106, to be found also in Thompson on Negligence, Vol. 2, p. 865. It is not necessary for us to declare whether that case meets with our approval or not, for it was one involving a wanton and malicious act on the part of the driver of defendant's vehicle; and that now before us turns upon a question of negligence alone.

Nor do we consider the citations made in that case from Brooks' Abridgment and 2 Rolle's Abridgment, 533, as more applicable. Had the servants in the cases supposed been in charge of the beasts as guardians, and permitted them negligently to enter upon the land of another, certainly this would have been something for which, unquestionably, the owner of such beasts would have been responsible.

In the citation taken from Noy's Maxims, the particular question now before us does not appear to have been involved; but, if the servant charged with the duty of distraining was also charged with that of conducting the distress, for his Master, to a place of safe-keeping, and in the course of the driving to such

place the animal was ridden by the servant and injured, the master would have found it difficult to escape.

We see no error in the judgment appealed from, and it is affirmed with costs.