The opinion of the court was delivered by
Miller, J.
The plaintiff, the proprietor of a grocery near the station house of the defendant company, sues for damages, alleging that the foreman of the company, also a defendant, has injured plaintiff in his business by dissuading the employees of the company under defendant’s charge from dealing with the plaintiff, threatening them with discharge from the company’s employment if they did so, and carrying the threats into effect. The petition charges that this conduct of the foreman has been persistent, prompted by ill will against the defendant, the desire to injure him, and has resulted in divert - ing the business of the employees from plaintiff. It is further charged that plaintiff, by this course of conduct on the part of the foreman, has been annoyed and humiliated by the notoriety of the persecution and the ridicule thereby engendered, to use the language of the petition, for which punitory damages are claimed; and the liability of the company is put on the ground (hat the acts and conduct of the foreman were in the course of the employment of the foreman entrusted by the company with the power to employ and discharge those in its service placed under his control. The case was before this court on a previous appeal (ante, page 2(14) from the decision against plaintiff on the exception of no cause of action, and was remanded for trial on the merits. The defence on the merits is the general issue, and from the verdict and judgment thereunder this appeal is prosecuted by them. Plaintiff, answering the appeal, asks that the damages awarded, one hundred, and seventy-five dollars, be increased.
The responsibility of a corporation for the conduct of its employees is for such acts as are within the scope of the business of the corporation entrusted to them; as the'Oode puts it, masters and-employers are answerable for the damage occasioned by their servants in the exercise of their functions, and this responsibility, the Oode declares, attaches when the master could have prevented the acts causing the damage. C. C., Arts. 2315, 2317, 2320. Thus the *1658 obligation is put upon the master to select competent and careful servants and holds him liable for their negligence or negligence in the exercise of their duties. The principle has received application in a variety of cases in our reports, where the act of the servant complained of was incident to the discharge of the servant’s duty, or rather his mode of performance. In this case the functions of the foreman was the selection of the labor of the company, carrying with it the power to discharge the employees. The damage alleged arises from the motives which it is charged actuated the foreman in his selection and dismissal of the employees. No wrong to plaintiff could have arisen from the engagement or discharge of the employees, but the alleged injury is supposed to have arisen from the discrimination of the foreman against those friendly to plaintiff, who dealt with him or were disposed to buy at his grocery. With that discrimination the company had neither knowledge or connection, and we do not perceive any basis for its supposed liability. The conduct of the foreman was in no sense within the line of his employment. Gaillardet vs. Damaris, 18 La. 492; Ware vs. Barataria and Lafourche Central Company, 15 La. 169; Hart vs. New Orleans & Carrollton Railroad Company, 1 Rob. 181; Winston vs. Foster and others, 5 Rob. 113.
With refeaence to the foreman we think the case is different. The ground of his liability is that from motives of ill will, by words and conduct, he injured plaintiff’s business, by preventing the employees from buying at his store. Our review of the testimony satisfies us that, the foreman urged a number of the employees not to deal with plaintiff, threatened them with discharge if they did so; raised the rent of premises he leased to one of the employees who dealt with Graham, assigning that as the cause for the increase; for the same reason, it is our conclusion from the testimony, he gave another tenant of his notice to quit, and as to two instances of discharge, the testimony strongly points for the cause to the fact that the discharged men' bought of plaintiff. There is also testimooy that the foreman, inhis efforts to dissuade one of the m n from buy-dag of plaintiff, used language in respect to him not at all flattering. The testimony comes from number of witnesses, testifying to distinct acts, and to the conduct of the foreman on different occasions. .It would serve no useful purpose to. give the testimony in.detail. W® have given .attention to that of. the foreman, that he never gave *1659 orders to the men not to deal with plaintiff, and that his motive was to prevent drinking by the men during the hours of i ervice. We have considered the testimony of the employees, produced by the defendant, that they dealt with plaintiff and were not discharged; that there were posted in the station stringent rules against drinking by the employees, but a careful consideration of the testimony impresses us, as we must conclude it did the jury, that the defendant did use efforts to divert employees from dealing with the plaintiff, and that his motive was not to enforce the rules or discipline of the company.
The right of protection to the citizen in the pursuit of the avocations by which he gains his livehood is as important as the security of his person and property. No man is privileged to injure another in his business. If the defendant, Newman, by his conduct and language sought to create a prejudice or feeling again t plaintiff, deterring those from buying from him inclined to do so, we think reparation is due the plaintiff. Nor is that reparation to be measured by proof of actual damage. Every act of man that causes damage to another obliges the wrongdoer to restitution, is the language of the Code, requiring the obvious qualification that the act must be wrongful, and in the assessment of the damages the exercise of the-discretion of the jury or court is admitted. Civil Code, Articles. 2315, 1933; Chataigne vs. Bergeron, 10 An. 699; Edwards vs. Turner and another, 6 Robinson 382; Fenner vs. Watkins, 16 La. 206; Wardens of the Church of St. Louis vs. Blanc, Bishop, 8 Rob. 84; McGary vs. City of Lafayette, 4 An. 440. The fact that the defendant’s tenant had a grocery in the neighborhood, apt to be benefited by a diversion of plaintiff’s customers, supplies the motive of interest, but does not, in our view, at all mitigate his conduct. With all reasonable allowance for the competitions of trade and the means by which the shopkeeper or merchant obtains business, words and actionsto discredit it and injure a rival in business can not be tolerated. The circum - stance that the defendant as the foreman of the company had the power to discharge those designed to be influenced by his communications or statements with respect to the plaintiff, and that defendanthad the selection of the labor of the company, tended to make more effective his efforts to injure plaintiff in his business. We recognize the principle urged by the defence, that the employer has the right to employ those he chooses, and the same liberty is allowed as to their *1660 discharge. The authority cited by defendant is entitled to full recognition, that one may do business with those he chooses to deal with, and decline, if he pleases, the business of others. Orr vs. Insurance Co., 12 An. 255. It is not the exercise of defendant’s choice in selecting or discharging laborers for the company that makes him liable, but he is responsible, because, in exercising that right, he indulges in language, uses threats, and pursues a line of conduct all directed at the plaintiff, and of a character to injure him in his lawful business.
The jury gave a verdict for one hundred and seventy-five dollars. We do not find the basis to increase it against the defendant, and the amount is sufficient to answer the purpose for which, irrespective of actual loss, the law gives damages in this class of cases. Smart money is not given against those liable, if it all, by reason of their relation to the wrongdoer, and in no respect can we appreciate that the company is responsible.
It is therefore ordered, adjudged and decreed that the judgment of the lower court against the company be avoided ana reversed, and that the judgment against Thomas Newman be affirmed, and that he pay costs.