LEAR, Judge.
This suit involves a claim by Walter R. LeBlanc (LeBlanc) and Howard L. Chaney III (Chaney) for unpaid wages plus penalties and attorney fees against a former employer, Oakmont Marine Corporation, Specialized Lorain Division (Oakmont).
Oakmont answered the petition and filed a reconventional demand in which it alleged that plaintiffs had in their possession, at the time plaintiffs resigned, certain tools and other property belonging to Oakmont which Oakmont attempted to recover by sending another of its employees (Paul Sciortino) to plaintiffs’ residence in Baton Rouge, Louisiana. Oakmont further alleges that Le-Blanc and Chaney refused to communicate with Sciortino and sought to intimidate Sciortino by the presence of an individual armed with a high powered pistol while at LeBlanc’s home. Oakmont further filed a third party demand against “John Doe”, the armed individual, for a tortious assault on Oakmont’s employee, Sciortino, and “A”, “B” and “C” insurance companies insuring LeBlanc, Chaney and “John Doe.”
Further, Sciortino filed an intervention against LeBlanc, Chaney, “John Doe” and “A”, “B” and “C” insurance companies, claiming damages for a tortious assault.
Interrogatories were propounded to plaintiffs and in answer to these interrogatories “John Doe” was identified as Marshall K. McClendon, a police officer who was a friend making a social visit. It was specifically denied that McClendon threatened Sciortino or took any action which could be construed by a reasonable person to be a threat to his life or safety. The insurance companies for plaintiffs were also identified.
Thereafter, plaintiffs filed an exception of no cause of action and alternatively, a motion to dismiss the reconventional demand and third party petition on the basis that neither was based upon any legal theory under which Oakmont could be damaged by an assault upon one of its employees. Plaintiffs also filed a motion to dismiss the intervention of Sciortino on the basis that it was improper and in violation of art. 1091 of the Louisiana Code of Civil Procedure.[1] After a hearing on plaintiffs’ motions, the trial court granted dismissal of the recon-ventional demand, the intervention and the third party demands. Oakmont and Sciorti-no appeal.
Immediately prior to the hearing on these motions, Oakmont amended its reconven-tional demand and listed economic losses for the alleged tortious activities of LeBlanc, Chaney and McClendon as follows:
“a — Wages paid to Mr. Sciortino during the unnecessary trip to Baton Rouge;
“b — Wages paid to Mr. Sciortino in making an additional trip to Baton Rouge to resolve the matter;
“c — Overheard costs associated with Mr. Sciortino’s trips to Baton Rouge;
“d — Direct costs associated with unnecessary trips by Mr. Sciortino to Baton Rouge including gasoline for the automobile and depreciation of the vehicle;
*399 “e — Time lost by Larry Jamieson, the chief operating officer of the company in New Orleans in dealing with the tortious termination of business relationship created by LeBlanc, Chaney and McClendon;
“f — Loss of profits caused in Oakmont’s offices, in New Orleans, and otherwise, as a result of disruption in normal business activities from the tortious actions of LeBlanc, Chaney and McClendon;
“g — Cost of associating counsel to advise as to methods of resolving controversy with LeBlanc and Chaney.”
Intervenor, Sciortino, also amended to name McClendon and the two insurance companies.
The trial judge stated in his per curiam that the motion to dismiss the reconventional demand was granted based upon the claim’s being “too speculative”, citing several cases.
In the case of Pellegrin v. Hebert, 107 So.2d 853 (La.App. 1st Cir., 1959), this court disallowed plaintiff’s claim for damages for the loss of service of an employee because of tortious conduct of the defendant, reasoning that the claim was too speculative.
In Forcum-James Co., Inc. v. Duke Transportation Co., 231 La. 953, 93 So.2d 228 (1957), plaintiff was under contract with the Louisiana Department of Highways to maintain a bridge. Defendant negligently damaged the bridge and plaintiff sued. The Louisiana Supreme Court held, “It is a basic principle of the law that a tort-feasor is responsible only for the direct and proximate result of his acts and that, where a third person suffers damage by reason of a contractual obligation to the injured party, such damage is too remote and indirect to become the subject of a direct action, ex delicto, in the absence of subrogation.” See also Baughman Surgical Associates, Ltd. v. Aetna Casualty & Surety Co., 302 So.2d 316 (La.App. 1st Cir., 1974).
Appellant is correct in citing Graham v. St. Charles St. R. Co., 47 La.Ann. 1656, 18 So. 707 (1895), as standing for the proposition that an employer may recover under Civil Code art. 2315 for damages it suffers as a result of a tort committed against its employee. However, in order to recover under Graham, supra, and Civil Code art. 2315, the employer must allege that the tortious conduct aimed at the employee was committed for the purpose of or intended to injure the employer. The instant reconventional demand, as amended, contains no such allegations, and is therefore distinguishable from Graham, supra.
For the same reasons given above the third party demand brought by Oak-mont was also dismissed. The intervention filed by Sciortino was incorporated in the reconventional demand; therefore, dismissal of the reconventional demand necessitated dismissal of the intervention. The trial court stated that this would not prevent Sciortino from filing a separate suit for any alleged tort committed against him by plaintiffs.
We find such damages as claimed by defendant Oakmont, and rejected by the trial court, too remote and too speculative and not included within the purview of LSA-C.C. 2315.[2]
For the foregoing reasons, the judgment appealed is affirmed at appellants’ costs.
AFFIRMED.
COVINGTON, J., concurs for reasons assigned.

. Art. 1091. Third person may intervene
A third person having an interest therein may intervene in a pending action to enforce a right related to or connected with the object of the pending action against one or more of the parties thereto by:
(1) Joining with plaintiff in demanding the same or similar relief against the defendant;
(2) Uniting with defendant in resisting the plaintiffs demand; or
(3) Opposing both plaintiff and defendant.

. “Art. 2315. Liability for acts causing damage; survival of action
“Art. 2315. Every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it.”