430 So.2d 102 (1983)
Marvin L. SANDOLPH
v.
P & L HAULING CONTRACTORS, INC., et al.
No. 82-CA-134.
Court of Appeal of Louisiana, Fifth Circuit.
March 8, 1983.
Rehearing Denied May 18, 1983.
*103 Edmond R. Eberle, New Orleans, for plaintiff-appellant.
Leon C. Vial, III, Hahnville, for defendants-appellees.
Before KLIEBERT, GAUDIN and GRISBAUM, JJ.
GRISBAUM, Judge.
This is a suit for damages filed by appellant, Marvin L. Sandolph, against P & L Hauling Contractors, Inc., and its officers Angelo J. Puglise, Salvador J. Puglise, and Richard Warren Landry. Appellant alleges the action of appellees in refusing to do business with him was a tortious interference with his business or alternatively it resulted in unfair trade practices and was conspiracy in restraint of trade. The trial judge denied appellant's demand and from this judgment appellant appeals. We affirm.
Appellant was the owner and operator of M & S Truck Service from approximately 1967 to 1975. Appellees were the owners of a sand pit located on the batture of the Mississippi River. Appellant's business consisted primarily of hauling sand that had been purchased by contractors from appellees to a designated work site. In November 1974, a disagreement arose between the parties. The trial court found, and we agree, that the evidence supports appellant's contention that appellees refused to do business with appellant at their sand pit subsequent to this time. Appellant contends that this refusal resulted in financial hardship as he was unable to continue his business of hauling sand. Appellant further alleges that because of the aforementioned economic boycott, appellant lost his two dump trucks through foreclosure and seizure. Appellees responded to these allegations by filing exceptions of no cause and no right of action which the District Court granted. Appellant was granted leave to amend at which time he asserted appellees acted in concert and individually in an effort to prevent appellant from earning a livelihood allegedly in violation of La.C.C. art. 2315, citing Webb v. Drake, 52 La.Ann. 290, 26 So. 791 (1899).
However, conspiracy is not a necessary element of the cause of action under art. 2315 for tortious interference with business. Dussouy v. Gulf Coast Investment Corp., 660 F.2d 594 (5th Cir.1981). A party must show that a defendant improperly and maliciously influenced others not to deal with him. An individual, regardless of his motive, has an absolute right to refuse to deal with another. The right to influence others not to deal, however, is not as broad. Graham v. St. Charles Street Railroad, 47 La.Ann. 1656, 18 So. 707 (1895); Dussouy, supra.
The only allegation of influencing others was that the appellees would not let purchasers of appellant's truck use the vehicle in their pits. However, the evidence at trial establishes appellees would allow a purchaser to use appellant's truck if they produced title in their name and covered the appellant's name on the truck. No other evidence was established at trial supporting a claim that appellees attempted to influence others not to deal with appellant. We find the ruling of the trial judge was correct. Appellant's other claims are without substantiation and are likewise without merit.
For the reasons assigned the ruling of the trial court is affirmed.
AFFIRMED.