434 So.2d 137 (1983)
USTICA ENTERPRISES, INC., d/b/a The Music Box
v.
Joseph M. COSTELLO III, d/b/a Gulf South Broadcasters (WRNO).
No. 5-401.
Court of Appeal of Louisiana, Fifth Circuit.
March 8, 1983.
*138 George W. Giacobbe, Kenner, for plaintiff-appellant.
Jones, Walker, Waechter, Poitevent, Carrere & Denegre, Edward D. Wegmann, New Orleans, for defendant-appellee.
Before BOWES, GAUDIN and GRISBAUM, JJ.
GRISBAUM, Judge.
This matter comes to us from a suit brought by appellant, Ustica Enterprises, Inc., d/b/a The Music Box (hereinafter referred to as The Music Box), against Joseph Costello III d/b/a Gulf South Broadcasters (WRNO) (hereinafter referred to as WRNO) alleging tortious interference with business and causing to be issued an illegal writ of fieri facias. The Music Box appeals the trial court's granting the exceptions of no cause of action. We affirm.
Four issues are presented in this appeal. The initial issue is whether argument by counsel at the hearing on the exception of no cause of action constituted evidence. Secondly, did the trial court err in finding no cause of action for tortious interference with business? Thirdly, did the trial court err in finding no cause of action for damages from an excessive seizure since no contradictory motion was filed for obtaining the release of the excess? And finally, did the trial court err in not allowing an amendment of the petition after an exception of no cause of action was granted?
On February 13, 1981, The Music Box filed suit against WRNO alleging two causes of action. The first cause of action allegedly resulted from WRNO's tortious interference with The Music Box's business relationship with a third party, Ole Man Rivers. Ole Man Rivers and The Music Box had an agreement whereby The Music Box would serve as a ticket outlet for Ole Man Rivers for no charge and, in return, Ole Man Rivers would advertise The Music Box as its ticket outlet on the radio, thus bringing traffic and potential business into the store. When Ole Man Rivers attempted to place an ad with WRNO naming The Music *139 Box, WRNO would not allow mentioning The Music Box on its station although it would allow mention of other places as ticket outlets. On or about February 16, 1980, Ole Man Rivers informed The Music Box they could no longer use The Music Box's services as a ticket outlet because of WRNO's refusal to use The Music Box's name in its advertising.
The Music Box's second cause of action alleged WRNO caused a writ of fieri facias to be wrongfully and illegally issued as it was in excess of the amount actually owed. The Music Box owed WRNO money from a prior judgment. When The Music Box failed to fully pay the judgment, WRNO caused a writ of fieri facias to be issued and the sheriff of the Parish of Jefferson to seize virtually all inventory of The Music Box.
On March 11, 1981, WRNO filed exceptions of no cause of action and no right of action which were heard by the trial court on February 24, 1982. The Music Box filed a first supplemental and amended petition in the interim on February 10, 1982. At the trial of the exceptions, the trial court considered the arguments of counsel and held that WRNO's exception of no cause of action be granted. Judgment was signed on February 26, 1982. On March 4, 1982, appellant filed a motion for a new trial on the exceptions of no cause of action and no right of action and for leave to amend its supplemental petition. The hearing on this motion was held on April 7, 1982 and the court denied appellant's motion. This judgment was signed by the court on April 13, 1982. On April 16, 1982, The Music Box filed this appeal.
In addressing the initial issue, La. C.C.P. art. 931 is clear no evidence may be introduced at any time to support or controvert the objection that the petition fails to state a cause of action. Evidence, as defined in "Black's Law Dictionary," is "any species of proof, or probative matter, legally presented at the trial of an issue, by the act of the parties ... for the purpose of inducing belief in the minds of the court or jury as to their contention." It is considered evidence for a judge to take judicial notice of prior judicial proceedings. Also, the introduction of records of prior suits is clearly evidence and improper at a hearing on no cause of action. La.C.C.P. art. 931; La.R.S. 13:3723; Breaux v. Pan American Petroleum Corporation, 163 So.2d 406 (La. App. 3d Cir.1964). Therefore, it follows explanations by counsel of a prior judicial proceeding would also be evidence if presented for the purpose of inducing belief in the mind of the court as to their contention. Otherwise, the rule against evidence could be circumvented simply by having counsel testify as to matters rather than introduce the written record. In the instant case, the history of the prior proceeding could have induced the court to rule as it did. Counsel for appellee explained that the prior suit was based on appellee's failure to pay for advertising with WRNO. Such information could well influence the court in its determination of whether appellant stated a cause of action by alleging appellee's refusal to allow appellant to advertise indirectly on its station. Therefore, we find that the judge erroneously allowed introduction of evidence on the exception of no cause of action. According to La.C.C.P. art. 2164, this court will now proceed to determine, based on the pleadings, whether appellant stated a cause of action.
Addressing the second issue, a cause of action for tortious interference with business is founded in La.C.C. art. 2315 which states:
"every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it."
In Dussouy v. Gulf Coast Investment Corp., 660 F.2d 594 (U.S. Court of Appeals, 5th Cir.1981) the limited Louisiana jurisprudence on the issue was reviewed in an attempt to set out the pertinent law and required factors for such a cause of action. In Graham v. St. Charles Street Railroad, 47 La.Ann. 1656, 18 So. 707 (1895) the court held the plaintiff could recover damages noting defendant's malicious motivation in threatening his employees if they did business with the plaintiff. Although an individual, *140 regardless of his motive, has an absolute right to refuse to deal with another, the right to influence others not to deal is not as broad. Graham, supra; Dussouy, supra. Louisiana law protects the businessman from "malicious and wanton interference" permitting only interferences designed to protect a legitimate interest of the actor. Dussouy, supra. Therefore, the court in Dussouy stated a plaintiff need show that a defendant improperly influenced others not to deal with plaintiff. Restatement 2nd of Torts, Section 766(b) (1979).
The only statement by appellant as to appellee's alleged wrongdoing is that WRNO would not let Ole Man Rivers use The Music Box's name in its radio advertising although it would allow Ole Man Rivers to use other retailers' names. There is no allegation of malice or that WRNO attempted to prevent Ole Man Rivers from doing business with The Music Box. There is no allegation that WRNO threatened to discontinue advertising for Ole Man Rivers if Ole Man Rivers advertised The Music Box on other radio stations or through other forms of advertising. Thus, appellant failed to allege a breach of the duty not to maliciously or wantonly interfere with the business of another.
WRNO was simply determining who it chose to have advertised on its station as it is entitled to do. The Communications Act of 1934 provides that a person engaged in radio broadcasting shall not be deemed a common carrier. The United States Supreme Court, regarding the issue of paid editorial advertising and the First Amendment, found that the First Amendment does not require the broadcast media to accept any paid advertisement. Columbia Broadcasting Sys. Inc. v. Democratic Nat. Com., 412 U.S. 94, 93 S.Ct. 2080, 36 L.Ed.2d 772, 93 S.Ct. 2080 (1973). Thus, WRNO was under no constitutional or statutory obligation to accept advertising from any party it did not deem acceptable.
We therefore find that although the end result of WRNO's action may have affected the business relationship between Ole Man River and The Music Box, the petition failed to state a cause of action for tortious interference with business.
In addressing the third issue, appellant alleges that WRNO caused to be issued a writ of fieri facias for an amount far in excess of the actual amount due under a judgment. Appellant further alleges that the value of the assets seized were far in excess of the amount of the debt, and that appellant informed appellee the goods being seized were mortgaged and encumbered to other creditors. Appellant alleged the seizure of the property caused appellant to close during business hours and resulted in being put out of business as all inventory of prerecorded records and tapes was removed from the premises.
A wrongful seizure results when there is no debt to justify the seizure. An excessive seizure, however, results when there is a debt to justify the seizure but the amount of the seizure is in excess of the debt. The latter is what is alleged in the appellant's petition. La.C.C.P. art. 2296 provides that if the value of the property seized exceeds what is reasonably necessary to satisfy the judgment, the judgment debtor may obtain the release of the excess item by contradictory motion. La.R.S. 13:4290 provides:
"When, under Article 2296 of the Code of Civil Procedure, the judgment debtor has obtained a release of an excessive seizure directed in bad faith by the seizing creditor, the judgment debtor may recover the damages sustained by him from the seizing creditor by an ordinary proceeding."
Thus, it is seen that damages may be recovered for an excessive seizure when the judgment debtor has obtained a release of the excessive seizure pursuant to La.C.C.P. art. 2296 and the seizing creditor has been in bad faith.
The petition of appellant fails to specifically allege bad faith of appellee. However, even if the petition were construed to allege bad faith or if the petition was amended to allege bad faith, appellant failed to allege it has obtained the release of the excess items. The necessity for first obtaining the release of any excess items is *141 evident from the petition of the appellant. Appellant seeks $8000 damages for the loss of value of the seized property and $25,000 for the loss of sales. Both of those items would presumably be greatly reduced if the items appellant claims is excessive were released. It is, therefore, rational to require a party to proceed by C.C.P. art. 2296 before seeking damages.
In addressing the final issue, appellant alleges the trial court erred in not allowing an amendment of the petition after the exception of no cause of action was granted. La.C.C.P. art. 934 states:
"When the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court. If the grounds of the objection cannot be so removed, or if the plaintiff fails to comply with the order to amend, the action shall be dismissed."
Although the general rule is that a party be given an opportunity to amend where there is a conceivable possibility that cause or right of action may be stated, the right to amend is not so absolute as to permit the same when such amendment would constitute a vain and useless act. Louisiana and Southern Life Insurance v. New Orleans S.S., 384 So.2d 594 (La.App. 4th Cir.1980). Article 934 requires an opportunity to amend if the petition can be amended to assert a cause of action. In the instant case, after reading the briefs and hearing argument of counsel, no additional facts can be asserted which were not urged in the original and supplemental petitions to allege a cause of action against appellee. Under the circumstances, a remand for the purpose of permitting an opportunity to amend would be a vain and useless act. Perkins v. Desrochers, 359 So.2d 323 (La. App. 4th Cir.1978).
We conclude the trial court committed error but we concur in the results. For the reasons assigned, we affirm the judgment of the trial court.
AFFIRMED.