CIACCIO, Judge.
Strata Energy, Inc. and Natural Resource Management Corporation appeal from a district court judgment which ordered, “that a preliminary injunction issue herein upon plaintiff posting bond in the amount of five thousand dollars ($5,000.00) enjoining defendants, Strata Energy, Inc., and Natural Resource Management Corporation, from interfering with the peaceful possession of and the operation of State Lease 10090 by Cornerstone Energy Corporation.” The record before us does not support the district court judgment. We, therefore, reverse.
In addition to the issuance of the injunction, appellants also complain about a pre-hearing order of the trial court substituting Cornerstone Energy Corporation for Transworld Drilling Company as party-plaintiff. The litigation relationship among the parties involves much more than this injunction, and is set out in an earlier opinion of this court, Transworld Drilling Company v. Texas General Petroleum Corporation, 480 So.2d 323 (La.App. 4th Cir.1985), writ denied, 481 So.2d 134 (La.1985). ,. Transworld assigned its interest in State Lease 10090 to Cornerstone. Thus, the basis for Cornerstone’s motion to be substituted as plaintiff. La.C.C.P. Art. 807. Appellants do not complain about Cornerstone’s participation in the litigation, but do not want Transworld to be dismissed from the litigation, should that be the effect of the order of substitution. Cornerstone wants to participate as plaintiff, and takes no position concerning Transworld’s status. We have not heard from Transworld.
While we suspect that the district court intended its order of substitution to affect only the petition for injunction then pending before it, we appreciate appellants’ concern that the effect may be Transworld’s dismissal. Finding nothing in the record to warrant Transworld’s dismissal, not even a request for dismissal, and finding no objection to Cornerstone joining as party-plaintiff, we amend the substitution order of the district court to permit Cornerstone to join with, rather than be substituted for, Trans-world as plaintiff. La.C.C.P. Art. 807.
*470 Turning now to the injunction we address first appellant’s exception of no cause of action filed in this court. "In its brief Cornerstone takes issue with appellants’ classification in brief that its petition instituted a possessory action, and insists that its petition instituted “an action to enjoin interference with its business relationship with Texas Eastern Transmission Corporation.” Cornerstone’s petition does allege appellants’ intentional interference with its contractual relationship with Texas Eastern. “Although at least one early Louisiana Supreme Court decision awarded recovery on the basis of intentional interference with contractual relations [Graham v. St. Charles St. R. Co., 47 La.Ann. 1656, 18 So. 707 (1895)], the ‘black-letter’ Louisiana rule has refused to recognize this tort [See Kline v. Eubanks, 109 La. 241, 33 So. 211 (1902); Moss v. Guarisco, 409 So.2d 323 (La.App. 1st Cir.1981), cert. denied, 412 So.2d 540 (La.1982); Eximco, Inc. v. Trane Co., 737 F.2d 505, 511 (5th Cir.1984) ].” Robertson, Recovery in Louisiana Tort Law For Intangible Economic Loss: Negligence Actions and the Tort of Intentional Interference with Contractual Relations, 46 La.L.Rev. 737, 738-739 (1986). Although we realize that the forty-nine other states recognize this tort, id. 46 La.L.Rev. at 739, under the rulings of our supreme court we are compelled to refuse recognition.
Nevertheless, we do not grant the exception of no cause of action. Cornerstone’s petition states a cause of action: it alleges appellant's disturbance of Cornerstone’s “rights and interest in and to the peaceful possession and utilization of its property.” Petition for Injunction and Damages, paragraph XIII. The district court judgment manifests a decision based upon a possessory action: it enjoins appellants “from interfering with the peaceful possession of and the operation of State Lease 10090 by Cornerstone Energy Corporation.” Because Cornerstone’s petition states a possessory action, we overrule appellant’s exception of no cause of action.
On the merits, Cornerstone fairly well admits in its brief that its evidence does not satisfy the requisites for maintaining a possessory action. La.C.C.P. Art. 3658. Cornerstone’s only evidence is a letter from appellants’ attorneys to Texas Eastern, notifying Texas Eastern that appellants claim title to fifty (50%) percent interest in the state lease and requesting Texas Eastern to store and save fifty (50%) percent of the gas produced from this lease. See La.R.S. 31:210. The alleged interference or disturbance caused by this letter is the basis of Cornerstone's claim. Although the judgment granting the preliminary injunction is couched in language appropriate for the maintaining of a pos-sessory action, Cornerstone did not satisfy the requisites listed in La.C.C.P. Art. 3658. The court erred, therefore, by granting the preliminary injunction.
Arguing the distinction between mineral rights as immovables and severed minerals as movables, Cornerstone attempts to classify its petition as something other than a possessory action. Because, as discussed above, intentional interference with contractual relations is not a cause of action in Louisiana, that alternative classification gives no assistance to Cornerstone, and is the only classification Cornerstone suggests. We do not find Cornerstone’s petition to state any other cause of action under which the court could consider its evidence on the merits. We must conclude, therefore, that the trial court erred by ordering the issuance of a preliminary injunction.
For the reasons stated, the order substituting parties-plaintiff is amended to permit Cornerstone to join Transworld as plaintiff. The judgment of the district court ordering the issuance of a preliminary injunction is reversed, and the matter is remanded for further proceedings on Cornerstone’s petition which also requests a permanent injunction. Cornerstone shall pay all costs of this appeal.
ORDER AMENDED; JUDGMENT REVERSED; AND REMANDED.
GARRISON, J., concurs.